# CHARLESTON.

RADER *v.* ADAMSON *et al.*

Submitted January 16, 1893.—Decided February 1, 1893.

1. DECREE—REVERSAL—MOTION—PRACTICE.

Where a decree has been rendered in a cause upon a demurrer to the bill, an answer, a supplemental and amended answer, and replications thereto, upon depositions taken, and the report of a commissioner, which has been excepted to, the exceptions acted upon, and the principles of the cause have been adjudicated, such decree can not be reversed upon motion under chapter 134 of the Code.

2. DECREE—SALES—APPEAL—LIMITATIONS OF ACTIONS.

A decree ordering the sale of land is an appealable decree, under chapter 135, § 1, subd. 7, of the Code ; and no error in such decree can be reviewed unless a petition for an appeal is presented within two years after such decree was rendered.

3. RETURN OF OFFICER.

An official return duly made upon process emanating from the court or its officer, by a sworn officer, in relation to facts which it is his legal duty to state in it, is, as between the parties and privies to the suit, and others whose rights are necessarily dependent upon it, conclusive of the facts therein stated.

R. F. FLEMING for appellant.

W. A. PARSONS for appellee cited Code c. 134, s. 5 ; 32 W. Va. 30, 32 ; 27 W. Va. 439 ; 26 W. Va. 568.

ENGLISH, PRESIDENT :

Previous to the year 1877, Henry J. Fisher, sold and conveyed a tract of land containing nine hundred acres, more or less, situated on the Middle Fork of Reedy, in the county of Roane, to one W. H. Moore, in consideration of the sum of five thousand five hundred dollars which purchase-money was to be paid in installments with interest, and a vendor's lien was retained to secure the payment thereof. On the 19th day of February, 1877, the said W. H. Moore and wife sold and conveyed, with general warranty, to Joshua F. Parish, one hundred and eighty acres of said tract of

land, for the sum of two thousand two hundred and fifty dollars and retained a vendor's lien to secure the payment of said purchase-money. On the 20th day of February, 1877, the said W. H. Moore also sold, to D. S. Cottle, another parcel of said tract supposed to contain one hundred and fifty acres. On the 2d day of October, 1877, said Joshua F. Parish sold and conveyed to William A. Fouty sixty one acres of his one hundred and eighty-acre tract, retaining a vendor's lien; and on the 6th day of April, 1878, said Parish conveyed to N. B. Armstrong, the appellant in this case, one hundred and twenty acres, being the residue of said one hundred and eighty-acre tract sold him by said Moore, and retained a vendor's lien on said one hundred and twenty acres to secure the unpaid purchase-money, amounting to nine hundred and thirty five dollars for which three notes were given by said Armstrong to Parish—one for three hundred and thirty five dollars due March 1, 1880; one for three hundred dollars due March 1, 1881; and one for three hundred dollars due March 1, 1882—and said Parish assigned and transferred said three purchase-notes executed to him by said Armstrong to one S. B. Rader.

Previous to September 22, 1880, said D. S. Cottle, to whom said W. H. Moore sold said one hundred and fifty acres of land, placed in the hands of George J. Walker, an attorney at law, certain claims and notes for collection, which, when collected, were to be applied in payment of said Cottle's purchase-money to said Moore, and to be paid over to said H. J. Fisher upon the purchase-money due from said Moore to Fisher on the entire tract of nine hundred acres. Said notes were collected by said Walker, and the entire net amount so collected was paid over to said Fisher on said Moore's purchase-money, and, after crediting said amount and other amounts paid by said Moore, a large balance yet remained due said Fisher on said nine hundred-acre tract; and said Fisher brought a suit in equity, in the Circuit Court of Roane county, against said Moore, Fouty, Cottle, Parish, Armstrong, and others, to subject said land to the payment of the residue of the purchase-money due him, in which suit a decree was rendered

directing a sale of said entire nine hundred-acre tract by Charles E. Hogg, special commissioner, which sale was made in the month of March, 1881, by said special commissioner, one Thomas Adamson becoming the purchaser, at the sum of six thousand five hundred dollars, which sale was confirmed by said Circuit Court on the 17th day of March, 1881.

On the 16th day of March, 1881, an agreement in writing was entered into between said Adamson, Cottle, Armstrong, Rader, and Parish, which reads as follows :

"Article of agreement between Thos. Adamson, of the first part, and J. F. Parish, D. S. Cottle, N. B. Armstrong, and S. B. Rader, parties of the second part. Whereas, said party of the first part has purchased the tract of nine hundred acres of land sold under decree of the Circuit Court of Roane county in the equity suit therein pending, wherein II. J. Fisher is plaintiff and W. II. Moore et als., are defendants ; and whereas, said J. F. Parish purchased of W. H. Moore one hundred and eighty acres of said land, and D. S. Cottle one hundred and fifty seven and one half acres of said land of said Moore, and said N. B. Armstrong purchased of said Parish one hundred and twenty acres of said Parish's purchase of said land, and said Rader holds, by assignment from said Parish, said Armstrong's notes for the purchase-money for his purchase, to the amount of nine hundred and thirty five dollars—that is, he holds six hundred and thirty five dollars and Jno. Matson holds a three hundred dollar note, which said Rader assigned to him; and whereas, said Parish placed in the hands of Geo. J. Walker, Esq., sundry notes and claims to be collected and applied to the payment of said Parish's indebtedness, and to be applied on the payment of said Moore's indebtedness to H. J. Fssher for the tract of land first aforesaid : Now, this agreement witnesseth that the receipt of said Walker for said notes and claims is to be assigned and turned over to said Adamson, and the money mentioned therein is to be paid to said Adamson, who is to credit the amount of money that he may receive therein on the indebtedness of said Parish for the unpaid purchase-money of his said tract of land according to his contract with said Moore ; and, if

said contract is not complied with within twelve months, then said N. B. Armstrong may pay off and discharge said Parish's contract, and the money that he may have to pay shall be a credit on his notes to said Parish for his purchase of the tract of land aforesaid; and, if he has to pay more than the amount of his indebtedness for unpaid purchase-money, then, upon the payment of the unpaid purchase-money indebtedness of said Parish for his said tract of one hundred and eighty acres of land, said Adamson is to convey to said N. B. Armstrong said tract of one hundred and eighty acres of land free from any lien of the judgment of Perry Moore against said W. H. Moore; and, if the amount that said Armstrong may have to pay is less than the amount of his indebtedness on his purchase, then he is to pay that residue to the assignee of said Parish; and upon the payment of the same said Adamson is to convey to said Armstrong said one hundred and twenty acres of land free from the lien of the said judgment, and is to convey the residue, sixty acres, to said Parish; and said Rader is to dismiss his suit against said Armstrong in the Circuit Court of Roane county, but said dismissal is not to impair the lien of the said Rader on said Armstrong's land. And it is further agreed that said D. S. Cottle is to pay to said Adamson the unpaid purchase-money for his said tract of one hundred and fifty seven and one half acres of land according to his contract with said Moore, and upon the payment of the same to said Adamson, according to the terms of the said agreement, in full, said Adamson is to convey to said Cottle said tract of one hundred and fifty seven and one half acres free from the lien of the judgment aforesaid; and, if said Armstrong shall not be required to pay to said Adamson to the amount of his indebtedness for said land purchased by him, then there shall be a lien on his said land for the amount he may not have to pay Adamson as aforesaid. And it is further agreed that, if said Adamson shall fail to collect and receive from the said Walker the amount of the notes and claims so placed in the hands of said Walker by the said Parish in the time aforesaid, then the said N. B. Armstrong shall be permitted to pay what shall remain unpaid on the purchase-money which the said

Parish owes the said W. H. Moore, after deducting what the said Parish has already paid the said Fisher, and the proceeds of the said notes and claims which may be collected and received as aforesaid, and shall be entitled to a credit on the purchase-money he owes to the said Parish to the extent of the amount so paid by him.

"Witnesseth the following signatures:

"[Signed]          THOMAS ADAMSON,
                   "D. S. COTTLE,
                   "N. B. ARMSTRONG,
                   "S. B. RADER,
                   "J. F. PARISH.

"By W. A. PARSONS.          "March 16th, 1891.

" [A copy of the original.]"

After the assignment of said Parish to S. B. Rader of the three notes given by Armstrong to Parish, the said Rader assigned one of said notes to one John Matson, the same being the one last falling due; and in October, 1882, the said Matson filed a bill in the Circuit Court of Jackson county against N. B. Armstrong, J. F. Parish, S. B. Rader, George Rader, John M. Rader, and Thomas Rader, seeking to enforce the vendor's lien against said one hundred and twenty acre-tract of land, which suit was defended by said Armstrong, and resulted in a decree dismissing the plaintiff's bill. After said decree was entered against said Matson, dismissing his bill, the said note was withdrawn, and filed by the plaintiff as an exhibit in this cause, with the other notes executed by said Armstrong to said Parish; and the court is asked to subject said one hundred and twenty-acre tract of land to the payment of said three notes under said vendor's lien.

On the 24th day of November, 1875, W. H. Moore confessed a judgment in favor of one Perry Moore for the sum of three thousand six hundred and seventy one dollars and eighty eight cents, with interest and costs; which judgment was docketed in the clerk's office of the County Court of Roane county on the 26th day of November, 1875, which judgment was shortly thereafter assigned and transferred by said Perry Moore to Thomas Adamson and Thomas Moore.

In this state of circumstances, said William Rader filed his bill in the Circuit Court of Jackson county, at the February rules, 1886, against Thomas Adamson, N. B. Armstrong, J. F. Parish, D. S. Cottle, S. B. Rader, John Matson, W. H. Moore, Thomas Moore, and George J. Walker, setting forth these facts, together with others; alleging, among other things, that the defendant N. B. Armstrong wholly refuses to pay the said single bills, or either of them, and that he is advised that he, as the assignee of the said single bills, is entitled, by virtue of the asassignment of said single bills to him, to the benefit of the vendor's lien retained in the deed from the defendant Parish to the defendant Armstrong, and that he has the right to have the same enforced against the said land in a court of equity, and to have the said land sold to pay off and satisfy the single bills so assigned to him, and the costs, *etc.*

He prays that the defendant Parish may be required to file with his answer the receipt of said Walker for the claims so turned over by him to the said Walker, and all papers and receipts which he may have in his possession relating to the notes and claims so turned over to the said Walker, and that the said defendant Walker might be required to disclose on oath what amount of the said notes and claims he had collected, and from whom, and what he had done with the moneys so collected by him, and that he also be required to file all papers in his hands relating to the said notes and claims so turned over to him by the said Parish, and that said Cottle might be required to file any papers in his hands relating to the sale of the said one hundred and eighty acres of land by defendant W. H. Moore to the defendant Parish, and that the said one hundred and twenty acres of land might be sold to pay off the said single bills, and that defendant Adamson be required to convey said one hundred and twenty acres of land to defendant Armstrong as he agreed to in his agreement of the ——— day of ———, 1881 ; and that the defendants Adamson and Moore be required to release their judgment-lien aforesaid.

At the February rules, 1886, the defendant N. B. Armstrong filed a plea in abatement, in the words and figures following, to wit:

"Thomas Adamson, N. B. Armstrong, J. F. Parish, D. S. Cottle, S. B. Rader, John Matson, W. H. Moore, Thomas Moore, and George J. Walker, *ads.* William Rader. In chancery pending in the Circuit Court of Jackson county, West Virginia.

"And the said defendant N. B. Armstrong craves oyer of the summons and process commencing said suit issued from the clerk's office of said court, bearing date on the 8th day of January, 1886, in the words and figures following, to wit, 'The State of West Virginia to the sheriff of Jackson county, greeting,' *etc.*, and also the return of service thereof indorsed on said summons, to wit, 'State of West Virginia, Jackson county, to wit, Thomas J. Rader,' *etc.*, and the said summons and return of service indorsed thereon, and sworn to and subscribed by said Thomas J. Rader, are read to the said defendant, N. B. Armstrong (here copy said summons and return of service indorsed thereon, as subscribed and sworn to by said Thomas J. Rader.) And thereupon the said defendant N. B. Armstrong, for plea in abatement to said return of service of said summons indorsed thereon, and subscribed and sworn to by said Thomas J. Rader as aforesaid, says that the said Thomas J. Rader did not serve said summons on the said N. B. Armstrong named therein on the 25th day of January, 1886, or on any other day, before or since that time, by delivering a true copy of said summons to the wife of the said N. B. Armstrong, at the usual place of abode of the said Armstrong, and that said Thomas J. Rader did not at the date last aforesaid, or at any other time, give information of the purport of the said copy (alleged to have been so delivered to said Armstrong's wife) to the wife of said N. B. Armstrong. So that the defendant N. B. Armstrong says the aforesaid return of service of said summons on him was not true. The said defendant N. B. Armstrong therefore prays judgment of the said summons, and the return of service indorsed thereon as aforesaid, and that the same may be quashed.

"N. B. Armstrong.

"By Geo. J. Walker, Atty."

"State of West Virginia, Jackson county, to wit:

"George J. Walker, attorney for the said defendant N. B.

Armstrong, named in the foregoing plea, being duly sworn, says that the facts and allegations therein contained are true, except so far as they are therein stated to be upon information, and that so far as they are therein stated to be upon information he believes them to be true. GEO. J. WALKER.

"Taken, sworn to, and subscribed before me this 3rd day of February, 1886.

"W. W. RILEY, Clerk."

The defendants N. B. Armstrong, George J. Walker, and J. F. Parish also, on the 20th day of March, 1886, tendered their demurrer to the plaintiff's bill, which demurrer was overruled by the court.

Each of the defendants J. F. Parish, N. B. Armstrong, George J. Walker, and Thomas Adamson filed a separate answer to the plaintiff's bill, setting forth his respective matters of defence to the plaintiff's bill, and as to the defendants S. B. Rader and D. S. Cottle the bill was taken for confessed.

On the 10th day of November, 1886, a decree was rendered referring said cause to Buenos Ayres, one of the commissioners of the court, who was directed to state an account between the several and respective parties to said suit of the purchase-money due to any and each of them upon the tract of nine hundred acres in the bill and proceedings mentioned, and upon any part or parcel thereof, with the priorities of such purchase-money liens, the respective amounts thereof, and to whom owing, and the parcel or parcels of the said tract of land bound by such respective liens; and said commissioner was directed to take proof, and ascertain and report the amount of money that was collected by the defendant, George J. Walker, upon claims placed in his hand as an attorney at law by the defendant J. F. Parish, set out in the said Walker's receipt therefor, dated February 20, 1877, filed with the supplemental answer of the defendant N. B. Armstrong, in the bill mentioned; and all other moneys collected by the said Walker to be applied to the credit of the defendant Parish upon his purchase of the parcel of one hundred and eighty acres of land from the defendant W. H. Moore in the bill

mentioned; and said commissioner was directed to state and describe all such claims, and which of them has been collected, and the amount collected, by said Walker, on each of the said claims, and what application, if any, he has made of the same, and to whom the sum or sums collected on each claim, when paid, and the amount, if anything, remaining in his hands; also what claims, if any, where placed in the hands of said Walker to be collected, and applied as payments of the purchase-money on the tract of one hundred and fifty seven and one half acres of land purchased by said Cottle from the defendant W. H. Moore the separate amounts of all such claims, what part of the same had been collected by said Walker, what application has been made of the amount collected, to whom and when paid over by the said Walker, and the amount, if any, yet remaining in his hands; also that he report the amount of purchase-money due from defendant Cottle to defendant Adamson, the amounts paid thereon, the date of payments, and to whom paid, and the amount due to defendant Adamson upon the one hundred and fifty seven and one half acres aforesaid; also the amount of purchase-money due to the defendant, Adamson, upon the tract of one hundred and eighty acres of land purchased by defendant, Parish, from the defendant, W. H. Moore, the amounts paid thereon, by whom and when and to whom paid, and the sum remaining unpaid; and also an account of the purchase-money for the parcel of one hundred and twenty acres of land sold by defendant Parish to defendant N. B. Armstrong, the amounts paid thereon, when and by whom and to whom paid, and the sum yet due thereon, if any.

In pursuance of this decree the said commissioner gave notice and proceeded to take depositions, which he returned with his report, which was completed on the 1st day of October, 1887, which report was excepted to by the defendant, N. B. Armstrong, for various reasons assigned in the exceptions filed thereto.

On the 18th day of November, 1887, another decree was rendered in said cause upon the report of said commissioner, Buenos Ayres, and upon the exceptions indorsed thereon by the defendant N. B. Armstrong, said

commissioner having found that the defendant, N. B. Armstrong, owed the plaintiff, William Rader, on the three notes executed by the defendant Armstrong to his co-defendant Parish for the tract of one hundred and twenty acres of land, part of said one hundred and eighty acres of land, and assigned by the defendant Parish to the plaintiff, William Rader, including principal and interest thereon to the first of November, 1887, the sum of one thousand one hundred and seventeen dollars and nine cents; and said decree recites that all the parties to the suit were then ready to have the same heard upon the report of said commissioner, and upon the exceptions indorsed thereon.

The court, having seen and inspected said report, and the exceptions indorsed thereon, proceeded to modify the same as follows: That the sum of five hundred and six dollars and fifty cents thereon charged to be due from the defendant, N. B. Armstrong, to the defendant, Adamson, should be decreed to be due from the defendant, J. F. Parish, to said defendant, Adamson, the same being for balance of purchase-money due from said Parish upon his purchase of the parcel of one hundred and eighty acres of land, part of said nine hundred acres; and it was decreed that the said report of said Buenos Ayres, commissioner as aforesaid, so modified, be, and the same was by the court approved and confirmed in all respects, and the said sum of one thousand one hundred and seventeen dollars and nine cents found by said commissioner to be due from said N. B. Armstrong to the plaintiff, William Rader, on the three notes executed by said Armstrong to the defendant J. F. Parish for part of the purchase-money on said one hundred and twenty acres of land was decreed to be a valid and subsisting lien on said tract of one hundred and twenty acres of land, and that the plaintiff do recover from the defendant, N. B. Armstrong, said sum of one thousand one hundred and seventeen dollars and nine cents, with interest thereon from the 1st day of November, 1887, until paid; and said sixty acres of land and said one hundred and twenty acres were directed to be sold to satisfy the sum of five hundred and six dollars and

fifty cents and one thousand one hundred and seventeen dollars and nine cents decreed to the defendant, Thomas Adamson, and the plaintiff against the defendants, Parish and Armstrong, respectively, by special commissioners therein appointed, upon the terms therein prescribed.

It appears by the record that said N. B. Armstrong gave notice to the plaintiff, William Rader, that on the 8th day of March, 1888, he would move the Circuit Court of Jackson county to correct a decree rendered by said court at its November term, 1887, in the chancery cause of William Rader against Thomas Adamson *et al.*, defendants, which error was manifest and apparent on the face of the record in said cause, because he was not allowed a credit for seven hundred and sixty five dollars, with interest thereon, on the rendition of said decree.

It appears upon the face of the decree rendered in said cause on the 12th day of March, 1888, the said cause was heard upon the motion of said N. B. Armstrong to correct the decree of said court rendered in said cause at the November term, 1887, for error manifest and apparent upon the record, to which motion the said N. B. Armstrong, by his attorneys, and the said William Rader and Thomas Adamson, by their attorneys, appeared ; and the plaintiff, Rader, objected to the filing and docketing of said notice, which objection was overruled, and the same was permitted to be filed ; and the said plaintiff moved the court to dismiss said notice as insufficient, and for the want of necessary and proper parties thereto, which motion was also overruled ; and it appearing to the court that there was error in said decree of November, 1887, wherein the sum of one thousand one hundred and seventeen dollars and nine cents with interest was ascertained to be due and was decreed to be paid by said defendant N. B. Armstrong to the plaintiff, William Rader, and that said commissioner, Buenos Ayres under the former decree therein referring said cause to him should have raised and stated an account between the defendant N. B. Armstrong and the defendant J. F. Parish, of the purchase-money for the parcels of one hundred and twenty acres of land sold by said Parish to said Armstrong, according to the requirements of said decree of reference,

which was entered in said cause on the 10th day of November, 1887, and that the court erred, by the decree entered at said November term, 1887, in overruling and not sustaining the exceptions to the report of said commissioner indorsed thereon by the said N. B. Armstrong; and said court decreed that so much of the decree of said court entered in said cause at the November term, 1887, thereof, be corrected and amended, as ascertained that there was due from the defendant N. B. Armstrong to the plaintiff, William Rader, the sum of one thousand one hundred and seventeen dollars and nine cents, and as decreed the payment of said sum, with interest, to the plaintiff by said N. B. Armstrong, and as directs the sale of the parcel of one hundred and twenty acres of land to satisfy the same in default of payment thereof by the said Armstrong; and to that extent the said decree rendered at the said November term, 1887, of said court, was annulled and set aside, and said report was recommitted to N. C. Prickett, one of the commissioners of said court, to state and report certain accounts therein directed between the parties to said suit.

In pursuance of said decree the said N. C. Prickett proceeded to take, state, and report said account, which report was also excepted to by said N. B. Armstrong for several reasons set forth in said exceptions, indorsed on said report; and on the 10th day of August, 1889, the cause was heard upon the papers, orders, and decrees formerly read therein, and upon said report of said N. C. Prickett, and upon the exceptions indorsed thereon, and upon the depositions, exhibits, and papers mentioned in said report, and upon the exceptions returned therewith. Upon consideration whereof, said court held that the note for three hundred dollars given by the defendant N. B. Armstrong to the defendant J. F. Parish for the last installment of the purchase-money upon the tract of one hundred and twenty acres of land, bearing date on the 22d day of ———, 1878, payable the 1st day of March, 1882, and bearing interest from the 2d day of January, 1878, was not entitled to be recovered on by the plaintiff against the said N. B. Armstrong because of the adjudication thereon by the Circuit Court of Jackson county in the chancery cause of John

Matson, then the holder of said note by assignment, plaintiff, against the said N. B. Armstrong and others, defendants, and ascertained the amount due said William Rader from said N. B. Armstrong including interest to date of decree, to be six hundred and eighty four dollars and twenty two cents and directed a sale of said one hundred and twenty-acre tract of land to be made by a special commissioner therein appointed, unless said amount, and the costs of said suit, were paid the plaintiff within sixty days by the said Armstrong, or some one for him, and ascertained that the said sum of six hundred and eighty four dollars and twenty two cents was a lien second in priority to the lien of the defendant Thomas Adamson upon said tract of one hundred and eighty acres for the sum of five hundred and six dollars and fifty cents with interest, and directed the manner in which said land should be advertised by said commissioner; and from this decree the said N. B. Armstrong obtained this appeal.

The first error assigned by the appellant is that the Circuit Court erred, by its decree of the 4th day of March, 1886, in striking out the plea of N. B. Armstrong mentioned therein. The only manner in which it was made to appear that this plea was filed at the February rules, 1886, is by the recitals in the decree of March 4, 1886. This plea was objected to, and a motion made to strike the same out, on the ground that it is a personal plea, and could only be sworn to by the defendant N. B. Armstrong, and because the affidavit of George J. Walker, appended thereto, is insufficient.

Under the ruling of this Court in the case of *Quarrier* v. *Insurance Co.*, 10 W. Va. 507, "All the old strictness of the common law, both as to form and substance, is required; and a failure of such a plea in any of the particulars above indicated would be fatal." In that case it was held that "the appearance by a corporation in a plea to the jurisdiction of the court should not be in person or by attorney, but may be by its president." It is also held in said case that "the proper conclusion of such a plea is whether the court can or will take further cognizance of the action, and not the action abate and be dismissed;" and also that "the

affidavit to the facts stated in such a plea should be positive and not as the plaintiff believes."

The statute requires a plea of this kind to be verified by affidavit, but does not authorize such a plea to be sworn to by any person other than the defendant, and for several reasons we must regard said plea as bad ; but if it was ever so formal and free from defects, we think the court acted properly in striking it out, as this Court has held in the case of *Bowyer* v. *Knapp*, 15 W. Va. 290 : "The law seems to be well settled that an official return duly made upon process emanating from the court or its officer by a sworn officer in relation to facts, which it is his legal duty to state in it, is, as between the parties and privies to the suit and others whose rights are necessarily dependent upon it, conclusive of the facts therein stated."

The next error assigned is that the court erred in overruling the demurrer to the plaintiffs bill ; and it is urged in the defendant's brief that said demurrer should have been allowed, because the jurisdiction of the case by the Circuit Court of Jackson county solely depended on the fact that the defendant George J. Walker was a resident of that county. The allegations of the bill with reference to the connection of said George J. Walker with the transactions between the parties in reference to the sale and payment for the tracts of land in the bill mentioned leave no doubt that he was a necessary party ; and our statute (Code, c. 123, s. 1) provides that "any action at law or suit in equity, except where it is otherwise specially provided, may hereafter be brought in the Circuit Court of any county wherein any of the defendants may reside ;" and while it is true such suit, "if it be to recover land, or subject it. to a debt, may be brought in the county wherein such land, or any part thereof, may be," yet our construction of the statute is that it may be brought in either county ; and we think the demurrer was properly overruled.

The conclusion I have arrived at in this case renders it unnecessary to consider and pass upon the other errors assigned by the appellant.

The action of the court in its decree of March 12, 1888, in hearing the case upon the motion of the defendant N. B.

Armstrong to correct said decree of November 18, 1887, for error apparent on the face of the record, under section 5 of chapter 134 of the Code, and partially setting aside and correcting the same, is assigned and relied upon by the appellee as error in the brief filed by his counsel; and in the conclusion of said brief it is claimed that the decrees entered in the case on the 12th day of March, 1888, and on the 10th day of August, 1889, are to the prejudice of the appellee, and are, and each of them is, erroneous, and that they should be reversed and held for naught, and that the decree of November 18, 1887, should not be reviewed or reversed, because more than two years elapsed between the date of its rendition and the allowance of this appeal.

The decree of November 18, 1887, could not be regarded as a decree by default or a decree on a bill taken for confessed as to the defendant N. B. Armstrong (the appellant here) for the reason that said Armstrong filed a plea in abatement, demurred to the bill, and filed an answer, a supplemental answer, and an amended answer, and excepted to the report of Commissioner Ayres before said decree of November 18, 1887, was rendered.

The decree of November, 18, 1887, was not such a decree as could be corrected and reheard as it was by the decree of March 12, 1888. By said first-named decree the report of Commissioner Ayres was modified and confirmed, and the amount due from the defendant Armstrong was ascertained to be one thousand one hundred and seventeen dollars and nine cents, with interest from the 1st day of November, 1887. and the same was declared to be a lien on said one hundred and twenty-acre tract of land; and by said last-named decree so much of said former decree as ascertained that there was due from the defendant N. B. Armstrong to the plaintiff, William Rader, the sum of one thousand one hundred and seventeen dollars and nine cents and decreed the payment of that sum with interest, and as directed the sale of said one hundred and twenty-acre tract of land to satisfy the same in default of the payment thereof by said Armstrong, was annulled and set aside, and said commissioner's report was recommitted to another commissioner.

The decree of November 18, 1887, was rendered upon a hearing upon the merits, after depositions had been taken, and a report had been made by a commissioner, and exceptions indorsed thereon, and after nearly all of the defendants had filed their answers, and it was heard upon the merits.

In the case of *Core* v. *Strickler*, 24 W. Va. 689, this Court held that a decree made upon the hearing on the merits, which settles and adjudicates all the matters in controversy between the parties, is such a final decree that a bill of review will lie to it, although much may remain to be done before it can be completely carried into execution.

So, also, in the case of *Buster* v. *Holland*, 27 W. Va. 510, it was held : "A decree ordering the sale of a defendant's land is an appealable decree under chapter 135, s. 1, subd. 7, of the Code ; and therefore no error in such decree can be reviewed, unless the petition for the appeal was presented within five years after such decree was rendered (reduced now to two years by Acts 1882, p. 506, c. 157, § 3)."

From these decisions we must conclude that if error existed in said decree of November 18, 1887, the same might have been reviewed and corrected by a bill of review filed within three years, or by an appeal applied for within two years, after the rendition of said decree. Said decree could not, however, be corrected or reversed on motion under chapter 134 of the Code; and all the proceedings in said cause subsequent to said decree of November 18, 1887, being based upon said motion, under chapter 134 of the Code the order made in vacation on the 2d day of December, 1887, the decree rendered on the 12th day of March, 1888, and the decree entered in said cause on the 10th day of August, 1889, must be reversed and set aside ; and the appeal in this cause not having been allowed within two years after the rendition of said decree of November 18, 1887, and said decree not having been complained of in the appellant's petition, and not having been brought up by the appeal from the decree of August 10, 1889, we can not review or reverse said decree of November 18, 1887; and no bill of review having been filed thereto, or appeal taken therefrom, in time, said decree of November 18, 1887, will

not be disturbed by this Court; and the case is remanded to the Circuit Court of Jackson county for further proceedings to be had therein, and the appellant N. B. Armstrong must pay the costs of this appeal.

REMANDED.