## Richmond.

### RAMSBURG v. KLINE AND OTHERS.

#### NOVEMBER 17, 1898.

Absent, Cardwell and Riely, JJ.

1. PROCESS—*Return of Officer—Evidence to Impeach.*—The return of an offi-
cer showing that a summons to commence a suit has been duly exe-
cuted cannot be contradicted by a defendant, unless it can be shown
that the plaintiff procured or induced the return, or was in some way
connected with the deception. It is immaterial whether the objection
to the return be made at law or in equity, the rule is the same.
2. JUDGMENTS—*Annulment—Insignificant Errors.*—A judgment regularly
obtained should not be set aside for an error of a few cents in the
amount for which the judgment should have been rendered. The
rule *de minimis lex non curat* should be applied.
3. JUDGMENTS—*Motion to Set Aside—Evidence as to Character of Paper on
which Judgment was Rendered.*—A judgment cannot be set aside on the
ground that the note upon which the judgment was rendered was the
joint and several note of three persons, while the action was brought
and judgment obtained against only two of them. No evidence could
be introduced on that subject until after the judgment had been set
aside. Such evidence might be used after the judgment was set aside
in order to prevent a new judgment, but not to set aside a judgment
already in force.

Error to a judgment of the Circuit Court of Rockingham
county rendered at October term, 1897, upon a motion to set
aside a judgment, in which motion the defendants in error
were the plaintiffs, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Sipe & Harris*, for the plaintiff in error.

*John E. Roller*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

The defendants in error gave notice that on the 11th day of October, 1897, they would move the Circuit Court of Rockingham county to reverse and set aside a judgment for $651, with interest and costs, in favor of the plaintiff in error, which had been rendered at the April term, 1897, of said court, upon the following grounds:

First. That the writ in said cause was never served on Catherine M. Kline, one of the defendants in error.

Second. That the judgment was for interest on $300, a part thereof from September 1, 1895, instead of September 4, 1895, and on $351, the remainder thereof, from December 1, 1895, instead of December 4, 1895.

Third. That the notes upon which the judgment was obtained were joint and several, executed by C. G. Kline, J. S. Kline, and Catherine M. Kline, and that no separate action could be maintained thereon against the defendants in error, leaving out the said C. G. Kline.

Upon the hearing of this motion the judgment of the previous April term was set aside, the court reciting in its order each of the three foregoing grounds, set forth in the notice, as the basis of its action.

Each of the grounds upon which the court rests its conclusion is assigned as error.

The first ground upon which the court rests its judgment raises a question that has been very recently determined by this court. In the case of *Preston* v. *Kindrick*, 94 Va. 760, the principle is announced that, unless the false return was procured or induced by the plaintiff, or he can in some way be connected with the deception, it is error to admit evi-

dence tending to falsify and contradict the return of an officer showing that a summons has been duly executed. It is not necessary to repeat here the reasoning in that case which led to the adoption of this rule, as the better doctrine. The record shows that the summons was duly served upon Catherine M. Kline, and this fact is affirmed by the court on the face of the judgment sought to be set aside. There would be no end to litigation, and little security for the titles to property, if the final judgments of courts, which should import incontrollable verity and credit, could be thus lightly dealt with. It is true hard cases may arise under the most satisfactory general rule that can be adopted, but, all things considered, harm is less likely to result from enforcing the rule laid down in *Preston* v. *Kindrick* than would occur if interested parties were permitted to contradict the duly executed official return of an officer, and thus destroy the judgment which was based thereon.

The case at bar affords an illustration of the wisdom of the rule where a father, mother, and son, the judgment debtors and makers of the notes sued on, come forward, without any pretence of defence upon the merits, to deny that there was personal service on the mother, in the face of the duly executed return of the sheriff, the affirmance by the court in its judgment that the summons was duly executed, and the sworn testimony of the sheriff in rebuttal that it was served in person.

There is no ground for the contention that a distinction is to be drawn between the case at bar and that cited. The proceeding in each is a direct attack upon the sheriff's return, with the sole object of setting aside the judgment based upon that return, and there can be no valid reason for having one rule touching the sanctity of an officer's return in a chancery cause, and another in a common law case.

We are further of opinion that it was error to set the judgment aside because interest had been adjudged thereon from the day the notes sued on were due, instead of the last day of grace. This error amounted to thirty-three cents, which the

plaintiff offered to release of record, and was refused. The amount involved was too small to be regarded, and the maxim *de minimis lex non curat* should have been applied.

We are further of opinion that it was error to set the judgment aside upon the ground that the plaintiff had no right of action against Catherine M. and J. S. Kline unless sued with C. G. Kline. Whether this be true or not, it furnished no independent ground for the court's action. No evidence could be introduced on this subject until the judgment had been set aside, and hence the error, if any, could not be availed of as ground for declaring the judgment null and void, but could only be resorted to as matter of defence to a new judgment after the first had been set aside.

For these reasons the judgment complained of must be reversed, and an order entered here dismissing the motion of the defendant in error to set aside the judgment of the April term, 1897.

· *Reversed.*