# CHARLESTON.

## McCLUNG v. McWHORTER.

Submitted June 23, 1899—Decided November 28, 1899.

PROCESS— *Officers—Return— When prima facie.*

    An officer's return on judicial process cannot be contradicted by the parties or their privies as to such facts stated in it as the law requires to be stated, unless the party collude with the officer to make a false return. This rule prevails in law and equity. As to notices for depositions, or other notices not judicial process, the return is only prima facie evidence of such fact. (p. 151).

Appeal from the Circuit Court, Greenbrier County.

Bill by Charles L. McClung against J. M. McWhorter. Demurrer to bill overruled, and defendant appeals.

*Reversed.*

L. J. WILLIAMS and CHARLES S. DICE, for appellant.

PRESTON & WALLACE, for appellee.

Brannon, Judge:

J. M. McWhorter recovered a judgment in an action in the circuit court of Greenbrier County against Charles L. McClung. McClung at the same term moved the court to set aside the judgment and give him a new trial, on the ground that he was not served with process, and knew nothing of the suit for several weeks after the return of the process; but the court refused to do so. Then McClung brought this chancery suit to enjoin the enforcement of the judgment. The court overruled McWhorter's demurrer, and perpetuated an injunction, and he appealed.

It is argued that there is error in not sustaining the demurrer, because the bill does not aver that McClung has any defense to the action and why enjoin or grant a new trial if he has not? The law of new trial requires that it be shown that the party has a just defense. So equity does not enjoin a judgment and grant a new trial for a vain purpose. It has even been held that, where there is a false return of service of process in those jurisdictions where equity relieves for that cause, there must be averment and proof that if a new trial is granted a good defense will produce a different result; and such is the preponderance of authority. Tested by this law, the bill is bad. *Gregory* v. *Ford*, 73 Am. Dec. 639; *Freem. Judgm*. § 498; *Taylor* v. *Lewis*, 19 Am. Dec. 135, 139. There is no question that, in general, equity does require such allegation and proof before relief against a judgment; but I think it illogical doctrine, and likely it would be every where so held, where there is no show or color of service of process; and I would think, therefore, that, in states where it is allowable to show the falsity of an officer's return, it should be, likewise, under the doctrine that judgment without notice is void, and its enforcement a taking of property without due process of law. As our courts do not allow regular returns to be falsified, the question is immaterial. If they did, the bill must so state. I have no idea they would require such showing where there is no return of service at all.

The bill relies on one ground only for relief; that is, that the return of the sheriff shows that he served the process

on McClung by delivering it to Vonie Shauver, as a member of his family, and at his usual place of abode, whereas in fact she was not a member of his family, and the place of service was not at his usual place of abode. Thus, the proposition is to deny the facts stated in the sheriffs' return. In many states this can be done, but in this state a sheriff's return on process emanating from the courts (judicial process) cannot be contradicted by parties or privies in its statement of such facts as the law requires him to state to make the return good. The party must, for reparation of his injury, look to an action against the sheriff on his bond for false return. This may seem hard, but public policy requires, for stability of judicial proceedings, that the return of the sworn officer stand. It is a long-established rule with us, and based on sound principles and policy. Its reason, drawn from the United States Supreme Court, is ably defended in *Preston* v. *Kindrick*, 94 Va. 760, (27 S. E. 588) refusing relief in equity against a decree by default where relief was asked on the ground of false return. I will only refer to the cases: *Goodall v. Stuart*, 2 Hen. & M. 112 *Smith* v. *Triplett*, 4 Leigh, 590; *Bowyer* v. *Knapp*, 15 W. Va. 277; *Stuart* v. *Stuart*, 27 W. Va. 168 (Syl., point 10); *Rader* v. *Adamson*, 37 W. Va. 282, (16 S. E. 808); *Peck* v. *Chambers*, 44 W. Va. 270 (28 S. E. 706); *Ramsburg* v. *Kline*, (Va.) 31 S. E. 608). This doctrine does not apply to notices to take depositions, or other notices given by parties, nor to returns by private parties. *Bowyer* v. *Knapp*, and *Chambers* v. *Peck, supra.* I remark, too, that, where a suitor colludes with the officer to make a false return, it is not conclusive. That is the exercise of jurisdiction to annul a judgment for fraud.

Another reason against the decree is that, if there were any relief for the cause stated, it was by writ of error for the refusal of a new trial; but there was no relief at law or in equity, as the same rule that the return is conclusive prevails in both courts. Opinion in *Ramsburg* v. *Kline, supra.* We reverse the decree, dissolve the injunction, and dismiss the bill.

*Reversed.*