# Richmond.

## SUTHERLAND AND OTHERS v. PEOPLES BANK.

### November 17, 1910.

Absent, Cardwell, J.

1. PROCESS—*Sheriff's Return—Impeachment.*—In the absence of any allegation of fraud or collusion on the part of the plaintiff, the return of the sheriff on process, sufficient on its face, cannot be attacked even though made by plea in abatement filed in due time in the suit in which the process issued. For reasons of public policy contradiction of such returns cannot be made in any form, in the absence of any allegation of fraud or collusion.

2. EQUITY PLEADING—*Demurrer to Plea—Harmless Error.*—It is not proper to demur to a plea in equity, but if the plea has been properly dismissed the objection by demurrer may be treated as a motion to strike out the plea, and the ruling on the demurrer will be regarded as harmless error.

3. EQUITY—*Parties—Suit to Subject Land—Principal Debtor—Notice.* —Endorsers have the right to require that the principal debtor shall be brought before the court in a suit in equity to subject the lands of the parties to the payment of a judgment against them, but where it appears from a letter of the principal debtor filed in the cause that he had ample notice of the suit and its object, and every opportunity to make defense, and in fact was an active participant in the litigation, this is of itself sufficient to bind him by the results of the litigation, even though he was not actually served with process.

Appeal from a decree of the Circuit Court of Dickenson county. Decree for complainant. Defendants appeal.

*Affirmed.*

The opinion states the case.

*Sutherland & Sutherland,* for the appellants.

*B. T. Wilson* and *A. A. Skeen,* for the appellee.

KEITH, P., delivered the opinion of the court.

The Peoples Bank filed its bill in the Circuit Court of Dickenson county to enforce the lien of a judgment against J. E. L. Sutherland, Newton Sutherland, S. F. Sutherland and S. J. T. Powers upon a note in which J. E. L. Sutherland was the maker and the others endorsers in the order named. Process was regularly served upon all of the defendants in person, except J. E. L. Sutherland, and as to him the sheriff's return states that, on the 13th day of February, 1909, he executed "by leaving a copy of the within summons posted at the front door of his usual place of abode in Dickenson county, Va., he, the said J. E. L. Sutherland, not being found at his usual place of abode, and neither his wife nor any member of his family over sixteen years of age being found at his usual place of abode on whom service of process could be had."

J. E. L. Sutherland has filed neither plea nor answer in the case, but his co-defendants pleaded that the judgment to enforce which the bill was filed was obtained upon a negotiable note executed by J. E. L. Sutherland and endorsed by the other defendants in the order named, and that if paid by any one of the endorsers such endorser so paying it would be entitled to subrogation against the prior endorsers and against the maker of the note; that the said J. E. L. Sutherland has never been summoned as required by law to answer the bill; and that the return by the sheriff upon the process against the said J. E. L. Sutherland is false, because the said Sutherland has had no usual place of abode in said county at any time since the institution of this suit; all of which the defendants were ready to verify. "Wherefore, for as much as the said J. E. L. Sutherland is not yet before this court with these defendants so that satisfaction can be paid out of his property first, or complete justice be done all the parties defendant to said bill, these defendants pray judgment whether this court can or will take any further cognizance of the cause

aforesaid, and pray judgment of the said writ and return thereon, and that the same be quashed, * * * *."

To this plea in abatement, which it is proper to say was filed within the time prescribed by law, the plaintiff demurred, and contends that the sheriff's return as to all it contains is conclusive and cannot be contradicted by evidence *aliunde;* that even if the return of the sheriff could be impeached on the ground of fraud, there is no allegation in the plea that plaintiff colluded with the sheriff and procured him to make a false or fraudulent return; and that the plea is not properly verified.

The court sustained the demurrer, dismissed the plea, and referred the matter to a commissioner to take and state an account of liens against the real estate of defendants, and also to ascertain and report what real estate is owned by the defendants liable to said liens. At a later day the commissioner filed his report, ascertaining the liens binding upon the real estate in the bill mentioned, which consist of the judgment set out in the bill, amounting principal and interest to $1,532.20, and a judgment against J. E. L. Sutherland, S. F. Sutherland, Newton Sutherland and C. M. Hayer for $166.50. With his report he returned a letter directed to him as special commissioner, as follows:

"Tiny, Va., Aug. 13, 1909.

'Mr. R. W. Wright, S. P.

"Clintwood, Va.

"Dear Sir:

"As requested I hand you herewith a statement of the real estate I own.

"One tract containing one hundred and ninety-seven acres (197 A.), located on Big and Little Yellow Lick branches of Frying Pan creek. One house and lot of one acre and eight poles (1 A. 8 P.) on Frying Pan creek near the sulphur spring school house and church houses. One tract of one hundred and thirty acres (130 A.) located on Priests's fork of Fry-

ing Pan creek.    The last named tract I have as yet not had the deed recorded and I am inclosing my deed under this cover to you.    You may either keep the deed or hand it to the clerk and I will have same recorded as soon as I come over.

"For further description of the 197 acre tract you can find my deed for same in the papers in the case of May Sutherland against J. H. T. Sutherland.

"Any further information regarding same I will gladly give it at your request.

"Very truly yours,

"J. E. L. SUTHERLAND."

Referring to this letter of August 13th, the commissioner in his report dated September 11, 1909, says: "Your commissioner would report that he finds nothing of record showing that J. E. L. Sutherland owns any real estate in Dickenson county except the 197 acre tract, but he sent your commissioner a list of the real estate he did own, which is hereto attached and made a part of this report."

To this report exceptions were filed—(1) Because J. E. L. Sutherland has never been brought before the court, and until that is done the necessary parties cannot be heard; (2) that he had no notice of the making of the report; (3) that it does not show that there were no delinquent taxes, as required by law; (4) that it does not show what lands are primarily liable to the payment of these debts; (5) that it does not show that the second lien is one on which J. E. L. Sutherland is liable primarily; (6) that it does not show that the lands in five years will not satisfy the debts by rents and profits; and there are other exceptions which we do not deem it necessary to mention.

Upon this report, the court entered a decree sustaining the exception with respect to the failure of the report to show that there were no delinquent taxes, and overruling all others. The cause was sent back to the special commissioner, who was required to make a supplemental report showing whether

or not there were any taxes due the State or county which constituted a lien. In obedience to this decree the commissioner returned a report in which he says, that after having given the parties interested notice of the time and place of sitting, as required by the decree, he proceeded to ascertain and report on the matters and things referred to him by said decree, and he ascertains and reports that there are no delinquent taxes against any of the real estate owned by any of the defendants.

This report was again excepted to upon the ground that J. E. L. Sutherland had no notice with respect to it, and that he had never been properly brought before the court.

In November, 1909, the cause came on again to be heard upon the supplementary report of the special commissioner and the exceptions thereto, and the court entered a decree overruling the exceptions and appointing a commissioner, who was directed in the proper manner to sell to the highest bidder the land belonging to J. E. L. Sutherland, which is the land described in the letter of Sutherland to the commissioner, copied into the report and referred to in this opinion. From this decree Newton Sutherland, S. F. Sutherland and S. J. T. Powers obtained an appeal.

It is objected to that decree that the report of the commissioner does not ascertain that the land directed to be sold would not rent for enough to pay the debt within five years.

The bill avers that all the land mentioned in the bill will not rent for enough within five years to satisfy the judgment therein set out. Appellants state in their answer that J. E. L. Sutherland, the principal debtor, has real estate of record sufficient to pay the judgment. They then set out the several parcels of land owned by J. E. L. Sutherland (which are the identical parcels decreed to be sold in the decree appealed from), and pray "that the real estate of the said J. E. L. Sutherland be first sold to satisfy complainant's debt, which will more than pay the same. But should the real estate of the said J. E. L. Sutherland, the principal in said debt of

complainant, not sell for enough to pay the same, then they have nothing to say why their land should not be sold to pay their proportional share of the remainder. Respondents do not deny that complainant's judgment is a lien on the real estate of all of the defendants, but they hereby deny each and every allegation of complainant's bill that has not been heretofore confessed or denied."

The principal contention in this case arises upon the return of the sheriff on the process issued against J. E. L. Sutherland.

In *Preston* v. *Kendrick,* 94 Va. 760, 27 S. E. 588, 64 Am. St. Rep. 777, the question involved was as to the right of a party to go into a court of equity to obtain relief against a decree rendered in a cause to which he was made a party, on the ground that no process was served upon him, when the process appeared to have been executed by the return of the sheriff, and by the recital in the decree of the court taking the bill for confessed. Judge Buchanan, in that case, speaking for the court, said: "The decisions of the courts upon this question are conflicting, and the reasoning of the judges is not entirely satisfactory upon either side. One line of cases holds that a party who had been injured by a judgment rendered in his absence may have relief in equity if he can succeed in showing that he was not summoned, and did not hear of the proceedings in time to make defense or to obtain a new trial, and that he has a meritorious defense." Citing Freeman on Judgments, sec. 495. "Another class of cases holds that a court of equity cannot grant relief in such a case unless the false return of service was procured or induced by the plaintiff, or he can in some way be connected with the deception; thus likening the case to those cases in which the defendant has been prevented from setting up his defense by the trickery or fraud of his adversary. The rule of this latter class of cases is perhaps the better doctrine. The risk of opening a judgment or decree on an allegation which, like

that of the failure to serve process, or the want of notice, depends upon the uncertain testimony of witnesses, is so great that the injured party should be left to his remedy in the same case where relief can be had in that case, or to his remedy against the officer who has made the false return, unless that return was in some way procured or induced by the plaintiff, or he is in some way responsible for the defendant's want of notice of the suit, or of the proceedings therein." And this decision was followed in *Ramsburg v. Kline*, 96 Va. 465, 31 S. E. 608, where it was held, that "The return of an officer showing that a summons to commence a suit has been duly executed cannot be contradicted by a defendant, unless it can be shown that the plaintiff procured or induced the return, or was in some way connected with the deception. It is immaterial whether the objection to the return be made at law or in equity, the rule is the same."

4 Min. Inst. Pt. 1, p. 1042, states the law as follows: "The better opinion is believed to be that the officer's return upon process, although it be false, is still conclusive in the suit, the remedy for the party aggrieved by the false return being an action for damages against the officer and his sureties. It is no doubt a hardship upon one against whom a judgment is rendered upon such false return, he having had no knowledge of the pendency of the suit, and no opportunity to defend himself; but, on the other hand, it would occasion delays and hindrances in the administration of justice which would work still greater mischiefs, if it were allowed to impeach the returns of sworn officers, and so annul the proceedings founded thereon."

The question has been considered and decided in the following cases from the Supreme Court of West Virginia, a State whose statutes upon the subject are similar to, if not identical with, our own: *Rader v. Adamson*, 37 W. Va. 582, 16 S. E. 808, *McClung v. McWhorter*, 47 W. Va. 150, 34 S. E. 740, 81 Am. St. Rep. 785; *Talbott v. Southern Oil Co.*, 55 S. E. 1009, where it is said, that "If a return of ser-

vice of a summons commencing a suit is sufficient on its face, such facts stated therein as it was the duty of the officer to set forth in it cannot be put in issue by either a plea in abatement or a motion to set aside a judgment by default. For reasons of public policy, contradiction of such returns is not permitted in any form, except upon allegations of fraud or collusion."

In 32 Cyc., p. 514, the law is thus stated: "The question of the conclusiveness of the return is one upon which there is an utterly irreconcilable conflict in authority. The English common-law rule, which is also the rule in many American States, is that, as between parties and privies, the return of an officer is to be taken as true, as to all matters which are properly the subject of a return by the officer, and it can be controverted only in an action against the officer for a false return, unless it is contradicted by other matters appearing of record in the case, or unless the false return was procured or induced by plaintiff, or resulted from the mistake of the officer, except where the return forms the basis for a foreign judgment, in which case it is *prima facie* evidence only."

In *Tillman* v. *Davis*, 28 Ga. 494, reported also in 73 Am. Dec. 786, the syllabus states that "The sheriff's return of service on writ cannot be traversed by parties or privies, except for fraud or collusion;" and in the course of the opinion Judge Lumpkin says: "I have investigated carefully and traced the question to its fountain-head, and find it well settled that by the common law no averment will lie against the sheriff's return, and one reason assigned amongst others is, that he is a sworn officer, to whom the law gives credit."

It is conceded by appellants that such is the law where, as in *Preston* v. *Kendrick*, *supra*, a bill was filed asking for relief against *a decree* by default, or, as in *Ramsburg* v. *Kline*, *supra*, where the relief was asked against a *judgment* by default; but it is earnestly contended that the law is otherwise where the attack is made upon the return of a sheriff in a pending suit by proper plea in abatement.

The cases which we have cited make no such distinction, and the reasons of public policy upon which they rest seem to apply equally to both classes of cases.

It is objected, however, that the court should not have entertained a demurrer to the plea in equity—which is true; but if, beneath the form in which the objection to the plea is presented, it appears that the conclusion reached was proper (that the plea presented no defense of which the law could take cognizance), the objection by demurrer may be treated as a motion to strike out the plea, and the ruling of the circuit court be regarded as harmless error.

Even though we were of opinion that the defendants had the right to traverse the sheriff's return, we should be indisposed in this case to reverse the decree. We concede that the appellants, being liable as endorsers, had the right to require that the principal debtor should be brought before the court. It appears in the facts stated that in reply to inquiry by the special commissioner, J. E. L. Sutherland wrote him a letter in which he set out the real estate belonging to him. That letter is made a part of the commissioner's report, and is the basis of the court's decree. From that letter it appears that he had ample notice of the suit and its object, and every opportunity to make defense. That letter shows an active participation in the litigation, and is of itself sufficient to bind him by its results.

The decree of the court is in accordance with the answer filed by the appellants, and the court did just what in their answer they declared they wished the court to do. It directed a sale of the lands of the principal debtor to satisfy a judgment upon which they concede themselves to be liable, and J. E. L. Sutherland is making no objection to that decree.

Upon the whole case, we are of opinion that there is no error to the prejudice of the appellants, and the decree of the circuit court is affirmed.

*Affirmed.*