Hitchcock, J.
Two questions seem to be presented for consideration in this case. 1. Can an action be sustained in this state under the law of February 26, 1840, “providing for the collection of claims against steamboats and other water-crafts, and authorizing proceedings against the same by name,” where the repairs made, or supplies furnished, are so made or furnished within the territory of another state? 2. If such action can not be sustained under the law of this state, can a law of a sister state, somewhat analogous to our own law, be enforced by the courts of this state?
As to the first question, it would seem to have been virtually decided in the case of Steamboat Champion v. Jantzen, decided at the present term of the court, in which it was held that the boat was not liable for an assault and battery, committed by the captain or mate upon a hand, unless the trespass was committed while the boat was navigating the waters within or bordering upon this state ; that where the trespass was committed entirely without and beyond the territory *of this state, the boat, by name, could not be sued, but that the party injured, so far as the courts of this state are concerned, must be left to his common-law remedy. Tthe act, in its phraseology, makes no difference between contracts and torts—that is, between such contracts and torts as are therein specified. If we are right, then, in the former decision, and we still entertain the same opinion, it follows that the evidence offered by the plaintiff, in the case now before the court, was not sufficient to authorize him to recover against the watercraft by name. It did not even conduce to prove a case which would authorize him thus to recover. The court of common pleas, therefore, decided correctly in ordering judgment of nonsuit.
As to the other question, it is sufficient to say, that this mode of proceeding is an innovation upon common-law remedies. So far as the action of the courts of the state are concerned, common-law remedies can be varied or changed by our own legislature alone. The legislature of another state can neither limit nor enlarge the jurisdiction of our own courts, nor vary or change the remedy prescribed by our own laws for their action. The law of the place where a contract is made, is the law of the contract whenever an attempt may be made to enforce it. But the law of *152 the remedy depends alone upon the law of the state where that attempt is made.
By the law of Ohio, supplies furnished to a steamboat, or other water-craft, must be sued for as at common law, unless such supplies are furnished while the craft is navigating the waters within or bordering upon this state. The fact that Michigan has a statute furnishing a different remedy in such case, can not affect the courts of this state;
The judgment of the court of common pleas is affirmed, with costs.