## Wytheville.

### PRESTON *v.* KINDRICK.

July 8, 1897.

1. CHANCERY JURISDICTION—*Relief against decree obtained on a false return of an officer.*—A court of equity cannot grant relief against a decree by default rendered against a defendant on the ground that no process was served on him, where the return of the officer and the recitals of the decree show that process was served on the defendant, unless the false return of service was procured or induced by the plaintiff, or he can in some way be connected with the deception.

2. DECREES AND JUDGMENTS—*Absence of process—Notice of proceeding—Valid defence.*—Although no process was served on a defendant he is not entitled to relief from a decree against him in the absence of proof that he did not have actual notice of the proceedings before the decree was rendered, and that he had a meritorious defence.

3. DECREES AND JUDGMENTS—*Jurisdiction of parties and subject—Void decrees—Case at bar—Sec. 3451 of Code—Injunctions.*—Where a court has jurisdiction of the parties and of the subject matter of a suit, and does not exceed its jurisdiction, its decrees are not void. In the case at bar if the decree complained of was erroneous it could have been corrected by appropriate proceedings under sec. 3451 of the Code. Injunction was not the appropriate proceeding.

Appeal from a decree of the Circuit Court of Washington county, pronounced May 22, 1896, in a suit in chancery wherein the appellee was the complainant, and the appellant and others were the defendants.

*Reversed.*

The opinion states the case.

*Daniel Trigg*, for the appellant.

*J. S. Ashworth*, for the appellee.

BUCHANAN, J., delivered the opinion of the court.

In the year 1892 the appellant filed his bill in the Circuit Court of Washington county to subject a parcel of land to the purchase price thereof due from one Bratton, to whom he had sold it. The bill alleged that Bratton had assigned his contract of sale to Mrs. Kindrick, one of the appellees. Both were made parties defendant to the bill. Neither of the defendants appeared, and a decree was entered taking the bill for confessed, in which it was recited that it appeared to the court that all the defendants had been duly served with process. A sale of the land was directed and made, reported to the court, and confirmed. The proceeds of sale were not sufficient to pay the entire purchase money, and a decree was entered against Bratton and Mrs. Kindrick for the residue thereof, and the cause stricken from the docket at the October term of the court, 1892.

In June, 1895, Mrs. Kindrick filed her bill to enjoin the collection of that sum, and also to set aside and annul the decrees under which the land was sold, allow her to pay the purchase money due thereon, and for general relief. The ground upon which she based her right to relief was that she had no notice of the suit or sale, and that the return of the sheriff showing that he had executed process upon her was false, and a fraud upon her, and that the appellant, the plaintiff in that suit, and the purchaser of the land, had notice that she was ignorant of the suit, and of the proceedings had therein. Preston answered, and denied all notice, as did Naff, to whom Preston had sold the land. The sheriff was made a party, but no answer was filed by him. Answer under oath was waived as to all the defendants. Mrs. Kindrick, whose deposition was objected to, testified that no process was served upon her. No proof was taken to sustain the allegations of her bill that she had no actual knowledge of the suit, or of the proceedings thereon, or that Preston had any know-

ledge that process had not been served upon her, or that he knew that she was ignorant of the suit, or of the proceedings therein, as she alleged.

The Circuit Court held that no process had been executed upon Mrs. Kindrick, and granted the relief prayed for.

The question involved in this appeal is the right of a party to go into a court of equity to obtain relief against a decree rendered in a cause to which he was made a party, on the ground that no process was served upon him, when the process appears to have been executed by the return of the sheriff, and by the recital in the decree of the court taking the bill for confessed.

The decisions of the court upon this question are conflicting, and the reasoning of the judges is not entirely satisfactory upon either side.

One line of cases holds that a party who had been injured by a judgment rendered in his absence may have relief in equity if he can succeed in showing that he was not summoned, and did not hear of the proceedings in time to make defence or to obtain a new trial, and that he has a meritorious defence. Freem. on Judgm., sec. 495.

Another class of cases holds that a court of equity cannot grant relief in such a case unless the false return of service was procured or induced by the plaintiff, or he can in some way be connected with the deception; thus likening the case to those cases in which the defendant has been prevented from setting up his defense by the trickery or fraud of his adversary.

The rule of this latter class of cases is perhaps the better doctrine.

The risk of opening a judgment or decree on an allegation which, like that of the failure to serve process, or the want of notice, depends upon the uncertain testimony of witnesses, is so great that the injured party should be left to his remedy in the same case where relief can be had in that case, or to his

remedy against the officer who has made the false return, unless that return was in some way procured or induced by the plaintiff, or he is in some way responsible for the defendant's want of notice of the suit, or of the proceedings therein.

Counsel for the parties have not cited any decision of this court upon this precise point, nor have we, in our examination, been able to find such a case.

In *Goolsby* v. *St. John*, 25 Gratt. 146, 156, where it did not appear affirmatively from the return that summons had been served in the manner prescribed by law, Judge Moncure said, in discussing that question, that "if the summons had been executed in the manner prescribed by law, and that fact had appeared by the return made thereon by the sheriff, then the judgment would have been conclusive, even though the defendants may not have had actual knowledge of the existence of the action before the judgment was rendered."

Such a judgment is sustained, not because a judgment rendered without notice is good, but because the law will not permit any proof to weigh against that which the policy of the law treats as absolute verity, and remits the party injured to his remedy at law against the person by whom the record was falsified.

The presumption that the powers committed to judicial tribunals of general jurisdiction have been properly exercised is essential to the repose and safety of society, and the inconvenience of allowing it to be met and overcome by parol evidence is greater than any benefit that could be derived from a different course. Public safety demands that when such a tribunal has pronounced judgment its adjudication on that subject shall be as conclusive on the question whether the defendant was duly notified as on any other point essential to the determination of the cause. 1 Smith' Lead. Cas. 1119, 1127, etc.

This question was before the Supreme Court of the United States in the case of *Walker* v. *Robbins*, 14 How. 584, and

that court held that a bill in chancery would not lie for the purpose of perpetually enjoining a judgment upon the ground that there was a false return in serving process upon one of the defendants. Mr. Justice Catron, in delivering the opinion of the court, said: "Assuming the fact to be that Walker was not served with process, and that the marshal's return is false, can the bill in this case be maintained? The respondents did no act that can connect them with the false return. It was the sole act of the marshal, through his deputy, for which he was responsible to the complainant, Walker, for any damages that were sustaind by him in consequence of the false return. This is free from controversy. Still the marshal's responsibility does not settle the question made by the bill, which, in general terms, is whether a court of equity has jurisdiction to regulate proceedings, and to afford relief at law when there has been an abuse in the various details arising on execution of process, original, mesne, and final. If a court of chancery can be called upon to correct one abuse, so it may to correct another, and, in effect, to vacate judgments, where the tribunal rendering the same would refuse relief, either on motion or on a process by *audita querela*, where this mode of process is in use. In cases of false return affecting the defendant, where the plaintiff at law is not in fault, redress can only be had in the court of law where the record was made; and, if relief cannot be had there, the'party injured must seek his remedy against the marshal."

The same question came before that court again in the case of *Knox County* v. *Harshman*, 133 U. S. 152. In delivering the opinion of the court in that case, Mr. Justice Gray said: "The officer's return stated that he served a copy of the summons upon the clerk. If that return were false, no fraud being charged or proved against the petitioner, redress could be sought at law only, and not by this bill."

But, even if it were held that, in order to obtain relief against the proceedings complained of, it was only necessary

Opinion.

for Mrs. Kindrick to show that process was not served upon her, and that she did not have actual notice of the proceedings before the decrees complained of were entered, and that she has a meritorious defence, she has not made out her case. Although she alleges in her bill that she did not have actual notice of the suit and proceedings therein until after the decrees complained of were rendered, she has wholly failed to sustain it by proof.

It is insisted that the bill in the case of *Preston* v. *Kindrick*, &c., did not warrant the court in rendering a personal decree against Mrs. Kindrick for the residue of the purchase price of the land remaining unpaid after crediting upon it the proceeds of sale, and that as to this sum the court was clearly without jurisdiction, and its decree is void. Conceding that the pleadings and proof in that case did not authorize a decree against her for that sum, it was a mere error of the court. The court had jurisdiction of the parties and of the subject matter. It did not exceed its jurisdiction in rendering a personal decree against Mrs. Kindrick; it only committed an error, for which relief could have been had under sec. 3451 of the Code—a remedy which was still available to Mrs. Kindrick when the bill in this case was filed.

We are of opinion that the decree complained of should be reversed, and the bill dismissed.

*Reversed.*