## JUDGMENTS COLLATERALLY ATTACKED ON MATTERS DEHORS THE RECORD.

Common Pleas Court of Hamilton County.

HENRY KORFER v. WOLF KATZ AND THE FISCHMAN LOAN & BUILDING CO.

Decided, May 6, 1913.

*Judicial Sales—Rights of Innocent Purchaser at Sale under Proceedings Regular· on Their Face—But Predicated on a False Return on the Summons—Conflicting Policy of Different States as to Effect of Judicial Records.*

1. A petition which recites that a suit to foreclose a mortgage had been brought in the common pleas court, that summons was duly issued thereon, that the return of the sheriff showed all parties to have served according to law, and that a judgment and decree of sale was entered thereon and the premises sold under said decree, and which seeks to set aside said decree and order of sale on the ground that the return of the sheriff was false and fraudulent, does not state a cause of action against the purchaser at said sale.

2. The return of the sheriff, regular in form and proceeding had thereunder, will not be set aside in a collateral proceeding instituted for that purpose, especially when the rights of an innocent purchaser.at such sale have intervened.

3. The public policy of this state will not permit of collateral attacks upon judgments predicated upon matters entirely *dehors* the record.

*Clement Bates,* for the demurrer.

*M. C. Lykins,* contra.

GEOGHEGAN, J.

This matter is submitted on a demurrer to the petition. Plaintiff alleges that on the 23d day of July, 1912, and prior thereto he was possessed of certain real estate in the city of Cincinnati and that the Fischman Loan & Building Company was the owner of a certain mortgage upon said premises in the sum of $1,000, upon which there had been paid the sum of $200; that on the 6th day of February, 1912, the defendant, the Fischman Loan & Building Company, brought suit to foreclose this mortgage in the Court of Common Pleas of Hamilton County, Ohio, being case No. 149834, and summons was duly issued thereon; that on the 9th day of February, 1912, the sheriff through his authorized deputy, falsely returned on said summons that this plaintiff was served personally, when in truth and in fact he was not served at all and had no knowledge of said suit until the 3d day of August, 1912.

He further says that in said suit a judgment and decree of of sale was entered of record and that the sheriff sold said real estate to the defendant, Wolf Katz, for the sum of $1,055. Plaintiff says that by reason of the aforesaid the court was without jurisdiction to enter said judgment and decree and the same is null and void together with all other proceedings in said foreclosure suit had.

He prays that the service returned as to himself, together with the sale of said real estate and the judgment and decree of sale, be set aside and be declared null and void; that the title to said real estate be quieted in him, for the appointment of a receiver and for other relief.

To this petition the defendant, Wolf Katz, filed a demurrer on the ground that the petition did not state facts sufficient to constitute a cause of action against him.

It will be observed that the reasonable intendment of all the allegations in plaintiff's petition is that all proceedings in the foreclosure case were according to law and that the return of the sheriff was that he had served defendant in that case, now the plaintiff herein, personally; that there is no allegation that the defendant, Katz, in any way participated with the sheriff

in making the alleged false return. He must be presumed to be a *bona fide* purchaser at the said judicial sale. Therefore, the allegation of the petition taken as a whole, raises the single question as to whether or not this court in a collateral proceeding may treat the judgment rendered in the foreclosure proceeding as void, and whether or not in this collateral proceeding the return of the sheriff, which the plaintiff admits in the petition was regular on its face and according to law, may be set aside.

The determination of this question has been fraught with considerable difficulty in this state and elsewhere, and two seemingly conflicting principles have given rise to differences of judicial opinion concerning the effect of judicial records. On the one hand, we have that principle which asserts the right of every person to have his day in court and an opportunity to be heard before he can be condemned in his person or his property. On the other hand, we have that principle of public policy which requires that judgments of courts having apparent jurisdiction of the subject-matter and parties in an action are conclusive as to matters purporting to have been adjudicated, and precludes a re-examination of them in subsequent litigation, especially where the rights of innocent third persons, who are purchasers at judicial sales made under the alleged void order of courts, have intervened. The rule seems to be firmly established in this state that where it affirmatively appears on the record that the proceedings had were regular in form and according to law, that their verity will not be inquired into in collateral proceedings to set them aside, and that where the sheriff has made a return which does not upon its face show any defect, that it is conclusive.

In *Hill* v. *Kling,* 4 Ohio, 135, at page 137, the court held:

"The return is at the peril of the officer. If true, it is his protection; if false, he alone is responsible. If a return upon an execution can be impeached, or falsified by the parties to the judgment, purchasers at sheriff's sales, whether of personal or real estate, would be without protection. It would be hard, indeed, if it was at the peril of the purchaser whether the return

of the officer was true or false, especially where he must be absolutely ignorant of the fact.''

In *Moore* v. *Starks*, 1 Ohio St., at page 369, wherein it was held that in a foreclosure proceeding where the record did not affirmatively show that certain minors had been served with process, a decree as to their rights was void, the court at page 272, in discussing the question as to whether the return of the sheriff and a decree entered thereon can be collaterally impeached, say:

"The return of the officer is the evidence to the court, and to the world, of that fact that the party has been subjected to its process, or not; whether he has been brought into court; whether jurisdiction is claimed to have been obtained over his person. If the process is returned served, it is proof of that fact.''

In the case of *Fowler et al* v. *Whiteman*, 2 Ohio St., 271, at 286, the court say:

"It has become established by a series of decisions in Ohio, that the finding of a court of general jurisdiction upon a subject-matter properly before it, shall not be collaterally before it, shall not be collaterally impeached, but whilst such finding is unreserved, it is conclusive of the matter so found. A party to such finding or decree conceiving himself prejudiced thereby, must resort to some one of the various modes provided by law, for appeal, review, rehearing, or impeachment; *Lessee of Boswell* v. *Sharp*, 15 Ohio, 466; *Lessee of Irvin* v. *Smith, Ib.*, 242; *Lessee of Newman* v. *City of Cincinnati*, 18 Ohio, 330; *Lessee of Morgan* v. *Bennet, Ib.*, 546.
"We see no reason to disturb the rule established by these cases, but on the contrary, are of the opinion that it is founded in good policy, and that a due regard to the solemnity of judicial proceedings requires its strict observance.''

The same principle is enunciated in *Richards* v. *Skiff et al*, 8 Ohio St., 586; and in *Langdon* v. *Summers' Admr.*, 10 Ohio St., 78, at page 81.

In *Callen* v. *Ellison*, 13 Ohio St., 446, it was held that where the records of the common pleas court show a confession of judgment under a power of attorney filed in the court that the judgment rendered thereon could not be collaterally impeached

and that evidence of the fact that such power of attorney did not appear to be signed by certain defendants who were under coverture at the time, could not be received. In applying that principle to this case, it must certainly be concluded that if evidence of the fact that certain defendants did not sign a power of attorney to confess judgment and were under coverture at the time could not be received, certainly in the case at bar under the petition herein, no evidence could be received that the sheriff falsely returned that he had served the plaintiff to impeach his return (which the petition itself admits was regular in form), for the purpose of setting aside a judgment rendered thereon, especially where the rights of an innocent third person against whom no charge of fraud is made, had intervened.

Judge Gholson, at page 455, in discussing this question of collateral impeachment of judgments of courts of general jurisdiction, says:

"As to the judgment of courts of general jurisdiction, under which class the one now under consideration falls, the decisions in this state, though perhaps not entirely in form or consistent, do undoubtedly show a strong inclination to sustain such judgment against indirect or collateral attacks on their validity and effect. It appears to have been thought that natural justice is satisfied, when notice is required, and an impartial tribunal established to ascertain and determine whether it has been given. Nor can it be properly said that such a tribunal has jurisdiction because it has so decided. Its decision is binding because it was authorized to make it, and because public policy, and the respect due to the sovereignity it represents, at least in tribunals acting under the same sovereignty, requires that the decision should be regarded, while it remains on the record, unimpeached and unreversed."

The same principle was laid down in the case of *Trimble et al* v. *Longworth et al,* 13 Ohio St., 431, wherein the court say at page 439:

"The distinction between cases where the validity of the record of a court of general jurisdiction is drawn in question *collaterally,* and those in which such record is *directly* impeached by writ of error or bill of review, is broad and well defined. In

the one case, jurisdiction is presumed *prima facie*, unless the record disproves it, while in the other, if it is denied its existence must be proved by the record itself.''

Following these authorities the Supreme Court in *Hammond v. Davenport et al*, 16 Ohio St., 178, wherein it was sought to set aside the sale of lands made under a decree of court, which found that certain non-residents had been duly served by publication in the manner prescribed by statute upon the claim that during the time that said publication was made and all during the pendency of the action, the persons so found to have been served by publication, were residents of the state, it was held that where the sale was made to a *bona fide* purchaser, that said persons so alleged to have been served would not be permitted to attack the decree and order of sale in a collateral proceeding for the purpose of invalidating the title acquired under the decree and order of sale.

On page 182:

''It has been settled in this state in respect to *domestic* judgment of courts of general jurisdiction, that where it appears from the record that the court has positively found the fact or facts on which this jurisdiction legally rests, the jurisdiction may not afterward be collaterally questioned; that though the judgment may be, or may have been voidable when attacked in a direct proceeding for that purpose, it is not, and may not be shown collaterally to be void.''

In the case of *Kingsborough* v. *Tousley et al*, 56 Ohio St., at 455, Judge Williams, in discussing the question of collateral impeachment of judgment of the court, says:

''   *   *   *   The rule generally prevails, and is nowhere more firmly established than in this state, that when it does not otherwise affirmatively appear from the record, it will be conclusively presumed, whenever a *domestic* judgment of a court of general jurisdiction is drawn in question in any collateral way, that the court regularly acquire and lawfully exercise its jurisdiction over the parties; and the record of an inferior court imports absolute verity when it shows on its face that such jurisdiction was obtained; and neither the presumption nor the recitals of the record, can be contradicted in such a proceeding by extrinsic evidence.''

And further at page 458:

"The rule which forbids the collateral impeachment of judgments is founded on those considerations of public policy which require stability of judicial records for the protection of those who acquire rights and property in reliance upon their conclusive effect, and for the peace of society; and as said by Read, J., in *Boswell* v. *Sharp,* 15 Ohio, 447, 465, 'seems to have been adopted from right and necessity, to give confidence to the judicial action of the country, and protect those who have made purchases on the faith of judicial sales.''

It therefore seems that from the adjudicated cases in Ohio, there is no doubt that the judgment of a court of competent jurisdiction in a matter properly before it, will not be permitted to be impeached in a collateral proceeding, and this is especially true where the impeachment must be predicated on matters entirely *dehors* the record; that the public policy of this state is to protect the title of purchasers at judicial sales, who purchase relying upon that verity which the record itself imports.

That this public policy of the statute has been recognized in a measure by the Legislature is revealed from an examination of Section 11702, General Code, in which it is held that the reversal of a judgment under which lands or tenements are sold shall not defeat or affect the title of the purchaser.

I have examined a great many authorities in connection with the legal propositions involved here, in states other than Ohio, and find that the greater weight of authority is against the collateral impeachment of judgments upon matters *dehors* the record. *St. Louis, etc., Ry., ex parte,* 40 Ark., 141; *Cully* v. *Shirk,* 131 Ind., 76; *Tyler* v. *Davis,* 37 Ind. App., 557; *Warren* v. *Milner,* 61 Kan., 719; *Goddard* v. *Harbour,* 56 Kan., 744; *Keith* v. *Ry. Co.,* 83 Mo., 617; *Bolles* v. *Bowen,* 45 N. H., 124; *Insurance Co.* v. *Webb,* 106 Pa., 191; *Preston* v. *Kindrick,* 94 Va., 760; *McClung* v. *McWhorter,* 47 W. Va., 150.

Thus it seems that the rule of Ohio cases is supported by the greater weight of authority elsewhere, and is unquestionably based upon correct principles.

Therefore, applying these principles to the allegations of the plaintiff's petition, I find that the judgment in foreclosure

sought in said petition to be set aside, was duly and regularly made and that the court in entering its judgment and decree of sale, did so upon a return of the sheriff that on its face purported to show that the plaintiff was properly before the court. Under the authorities cited, evidence of the fact that the sheriff had falsely returned that he had served the plaintiff, would not be admissible in this class of procedure against the innocent purchaser at the judicial sale.

I think sound public policy demands that this be the rule: that innocent persons who purchase relying upon the verity of judicial records, should be protected in their purchases. The principle of natural justice referred to above is satisfied by leaving the aggrieved person to whatever rights the law gives him against the officer making the alleged false return.

I am therefore of the opinion that the petition of plaintiff does not constitute facts sufficient to justify a decree to set aside the sale, to quiet the title of plaintiff, and to grant him the other relief prayed for in the petition.

The demurrer will therefore be sustained.