## WILBUR H. WASHINGTON

### V.

## MAXINE ANDERSON

Record No. 850950

November 18, 1988

Present: Carrico, C.J., Poff, Compton, Stephenson, Russell and Thomas, JJ., and
Gordon, Retired Justice

*Donald R. Skinker* for appellant.
*Frederick H. Kruck, Jr. (Matricardi & Kruck*, on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

This appeal stems from a judgment debtor's effort to have a default judgment set aside upon the grounds (1) that a foreign judgment, upon which the domestic judgment was based, was void, and (2) that the statutory notice, required for a default judgment upon substituted service of process, was deficient.

The facts are undisputed.* In March 1984, appellee Maxine Anderson was granted "Summary Judgment by default" against appellant Wilbur H. Washington for $1,772.47, plus interest and costs, in the District Court of Maryland for Prince George's County. Washington, a Virginia resident, was served at his Fredericksburg home under Maryland's long arm statute.

On July 5, 1984, Anderson filed a civil action by warrant against Washington in the General District Court of Stafford County seeking to domesticate the Maryland judgment. Process was served upon Washington by substituted service, a copy of the warrant being posted on the front door of his usual place of abode, shown on the warrant to be "805 Bellows Avenue, Fredericksburg, Stafford County, Va. 22401."

Washington failed to appear on the return date of the warrant and the case was continued to October 29, 1984. On October 9, 1984, the attorney for Anderson, as required by Code § 8.01-296(2)(b), mailed a copy of the warrant to Washington at the address given on the original process. Washington failed to appear on October 29 and judgment by default was entered against him for $1,772.47 with interest and costs based on evidence of the Maryland judgment. The domestic judgment became final without appeal.

Subsequently, the judgment debtor was served in person at the Bellows Avenue address with a summons to answer interrogatories

---

* Efficient appellate review of this case has been hampered due to negligent preparation of the joint appendix, based entirely on appellant's designation. Duplicate copies of documents are included unnecessarily in the appendix. More importantly, however, the copy of the Rule 5:11(c) written statement of facts contained in the appendix differs in material respects from the statement actually signed by the trial judge that is contained in the manuscript record.

concerning his property and other assets. This was issued by the general district court at the request of the judgment creditor in January 1985. The judgment debtor then filed a motion asserting the Virginia default judgment was void and asked the court to set it aside. *See* Code § 8.01-428(A) (upon motion and notice, court may set aside judgment by default "upon the following grounds: . . . (ii) a void judgment").

Among the reasons assigned by the judgment debtor in support of his motion were: that he was not properly served with process in the Virginia proceeding; that he did not receive the required statutory notice preliminary to entry of that judgment; that he did not receive any notice and was not properly served with process in the Maryland proceeding; that certain Maryland procedural requirements were not followed in connection with the foreign judgment; and that personal jurisdiction over him was not established under the Maryland long arm statute. The general district court denied the motion and Washington appealed to the circuit court.

The circuit court conducted a hearing on the motion at which only the judgment debtor testified. He stated "that he did not receive any type of notice and was not served with any paper of any type" in either the Maryland proceeding or the Virginia proceeding which resulted in the default judgment. He said that he first became aware of Anderson's claim when he was served with the interrogatory summons. In addition, the judgment debtor presented copies of all the court documents in connection with the Maryland judgment.

At the conclusion of the judgment debtor's evidence, the court sustained the judgment creditor's motion to strike the evidence. The court ruled: that the Maryland judgment could not be collaterally attacked in a proceeding to declare the Virginia judgment void and that evidence as to any improper service of process in connection with the Maryland judgment was inadmissible; that Washington had failed to establish a prima facie case of improper service in the Virginia proceeding based on the alleged insufficiency of the statutory notice; and that, because the general district court had jurisdiction over the subject matter and over the judgment debtor's person, the default judgment was valid. We awarded the judgment debtor an appeal from the August 1985 order denying the motion to set aside the default judgment.

On appeal, the judgment debtor raises two issues. First, he contends that in a proceeding to declare a Virginia judgment void,

"evidence and testimony regarding improper service of process in a Court proceeding in a foreign state is admissible to attack the validity of a foreign judgment so as to prohibit it from enjoying full faith and credit in Virginia." This contention requires us to decide to what extent, if any, a Virginia court may inquire into the validity of a foreign judgment after the defendant has suffered an unappealed, final default judgment in the Virginia proceeding to domesticate the foreign judgment. If the foreign judgment may be collaterally attacked in this manner, evidence pertaining to the jurisdiction of the foreign court is admissible. If, however, the foreign judgment may not be so attacked, evidence about foreign jurisdiction is irrelevant and hence inadmissible.

The judgment debtor principally relies on *Bloodworth* v. *Ellis*, 221 Va. 18, 267 S.E.2d 96 (1980). There, reversing a trial court's action in refusing to receive evidence challenging a foreign court's jurisdiction, we noted the general rule that a court which is asked to give effect to the judgment of a court in another state may inquire into the foreign court's jurisdiction without offending the Full Faith and Credit Clause. *Id.* at 21, 267 S.E.2d at 98. We said that the party challenging the jurisdiction of a sister state's court may establish the absence of such jurisdiction by either extrinsic evidence or the record of the foreign proceeding. *Id.* at 24, 267 S.E.2d at 100.

*Bloodworth*, however, is not controlling. In *Bloodworth*, the attack on the foreign judgment had been mounted during the actual domestication proceeding and before any judgment had been entered in Virginia based on the foreign judgment. The present case differs in two respects: a default judgment had been entered in the domestication proceeding and the foreign judgment was attacked as void in a proceeding subsequent to the domestication of the foreign judgment.

Once a valid default judgment has been entered in a Virginia court in a proceeding to domesticate a foreign judgment, general rules applicable to challenges permitted in the domestication proceeding no longer apply. By suffering a default, the defendant in the domestication proceeding has lost the opportunity to attack the foreign judgment upon which the Virginia proceeding was based. If the rule were otherwise, certainty in the result of judicial proceedings in the Commonwealth would be destroyed. Diligence and vigilance would cease to be the rule and the high degree of finality that we attach to judgments in this State would

be impaired. *See Landcraft Co.* v. *Kincaid*, 220 Va. 865, 874, 263 S.E.2d 419, 425 (1980). *See also Sutherland* v. *Peoples Bank*, 111 Va. 515, 521, 69 S.E. 341, 343 (1910); *Preston* v. *Kindrick*, 94 Va. 760, 763, 27 S.E. 588, 589 (1897) (judgments sustained even though defendant may not have had notice of the existence of the action because sheriff's return is absolute verity).

■ Thus, it was incumbent upon the judgment debtor to challenge the Maryland judgment in the course of the domestication proceeding. Having failed to do so, the judgment debtor will not be heard now to complain that the Maryland court lacked jurisdiction. Therefore, the circuit court properly ruled that evidence relating to the foreign court's jurisdiction was irrelevant and inadmissible.

■ But was the Virginia default judgment valid? This brings us to the judgment debtor's second contention. He argues he established, prima facie, that "he was improperly served in the proceeding in the General District Court of Stafford County." The sole reason he assigns for this contention is that the "mailing requirement under service by posting was not followed." Code § 8.01-296(2)(b) provides that if substituted service of process is made by posting a copy of the process at the front door of the defendant's usual place of abode, a default judgment may not be entered unless, within ten days before judgment by default, "the party causing service mails to the party served a copy of the pleading and thereafter files in the office of the clerk of the court a certificate of such mailing."

The judgment debtor notes that the evidence showed he resided at the Bellows Avenue address in Fredericksburg and that his "mailing address" was P. O. Box 390, Fredericksburg, Virginia 22404. He also notes that the statutory certificate filed by the judgment creditor recites that notice was mailed to "the address given on the original process," the Bellows Avenue address. Washington argues that the statute requires notice to be "mailed to a mailing address of the defendant or to an address to which the defendant receives mail." He asserts that because he received his mail from the post office box, which was his mailing address, he was not "mailed" a copy of the pleading as mandated by the statute when it was sent to his residence address. He contends that service of process was incomplete, therefore invalid, and that the default judgment was void. We reject this contention.

■ Construing subitem (b) of subdivision (2) of § 8.01-296, we hold that when the party causing service of process mails a copy of the pleading to the party served at a place where that party may receive mail, there has been compliance with the statutory directive "mails to the party served." In the present case, there was no showing that the judgment debtor did not or could not receive delivery of mail at his residence. The mailing of correspondence, properly addressed and stamped, raises a presumption of receipt of the correspondence by the addressee. *Manassas Park Development Co.* v. *Offutt*, 203 Va. 382, 385, 124 S.E.2d 29, 31 (1962). Thus, the statutory notice was not deficient and the service of process to support the default judgment was valid.

Consequently, the judgment appealed from will be

*Affirmed.*