## CIRCUIT COURT OF THE CITY OF RICHMOND

Thomas Architects, Inc.

v.

American Family
Health & Racquet Club

April 8, 1992

Case No. LT-3057–3

BY JUDGE T. J. MARKOW

This matter is before the court on the motion of Richmond Fitness, Inc. (RFI) to quash execution and to vacate a Texas judgment domesticated in Virginia pursuant to the Uniform Enforcement of Foreign Judgments Act, Va. Code §§ 8.01–465.1 to 8.01–465.5. RFI asserts that the Texas court never obtained jurisdiction over it and that, as a result, the Texas judgment is void.

The plaintiff, Thomas Architects, Inc. (Thomas) brought an action against RFI in Collin County, Texas, for breach of two written contracts, one dated May 1, 1989, and one dated June 1, 1989. To obtain service of process, Rule 99(a) of the Texas Rules of Civil Procedure directs the clerk of the court to "when requested . . . issue a citation and deliver the citation as directed by the requesting party." The method of service used in this case is set forth in Rule 106(2): "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."

The domestic return receipt (PS Form 3811), which was filed with the clerk of the Collin County court to satisfy the requirement for return of service under Rule 107, shows that the "article" was addressed to American Family Health & Racquet Club of Virginia, Inc. The citation has the same name in the space allowed on the form for filling in the defendant's name and address. In the space for setting

forth the style of the case in the citation, the defendant is shown as "American Family Health & Racquet Club et al." The petition, which is to be attached to the citation for service, is styled:

Thomas Architects, Inc.                                          Plaintiff

vs.

American Family Health &
Racquet Club of Virginia, Inc.,
a/k/a American Family Fitness,
a/k/a Richmond Fitness, Inc.                               Defendant

The petition alleges:

> Although plaintiff has fully performed under the above-referenced contract, defendant has failed and/or refused to pay — citing vague, ambiguous and non-specific corporate "changes" as the reason for defendant's non-payment; that is defendant has attempted to draw an arbitrary (and unsubstantiated) distinction between American Family Health & Racquet Club (AFH) and Richmond Fitness, Inc. Alternatively, defendant has systematically "milked" assets from the original company and has used the newly-formed corporation of Richmond Fitness, Inc., as a sham to perpetrate a fraud upon plaintiff and/or to avoid plaintiff and other similarly situated creditors. For this reason, plaintiff contends that defendants are jointly and severally liable (i.e., if more than one entity actually exists) for the entire amount due and owing under the above-referenced contract.

RFI did not respond to the citation in any manner, and the Texas court entered default judgment on the claims on March 19, 1991. RFI alleged in paragraph 14 of its Motion to Quash that no officer, director, shareholder, or registered agent of RFI "ever saw or was aware of the contents of the mailing until counsel for RFI, upon request, obtained a copy of the citation, pleadings, and Default Judgment order from the Collin County District Court Clerk's Office after receiving a copy of the notice from this court's Clerk's Office of the filing and docketing of the judgment order." In paragraph 15 RFI alleged that if it had notice of the filing and pendency of the matter, "it would have appeared and taken appropriate steps to defend itself in that proceeding."

RFI acknowledges that the person who signed the receipt for the certified envelope was an employee of RFI but argues that she was not authorized to accept anything on behalf of or addressed to American Family Health and Racquet Club of Virginia. RFI further argues that even if the citation were properly addressed and delivered to RFI, the employee who accepted it was not an officer, director, registered agent or otherwise authorized to accept notice on behalf of RFI, and therefore, proper service was not made on RFI.

In the Memorandum in Support of Its Motion to Quash Execution and In Response to Plaintiff's Memorandum, RFI concedes on page 2 that "[p]laintiff is correct in its assertion that RFI had notice of the Texas judgment earlier than it asserted in paragraph 14 of its Motion. RFI, through its then president, had notice of the entry of the Texas judgment shortly before April 9, 1991." RFI argues that, however, the requirements of due process were not satisfied as it was never properly served, and the judgment granted without the court's achieving jurisdiction over it is void.

Thomas argues that RFI had notice of the Texas proceeding well before the expiration of the thirty-day period for filing a post-judgment motion under Rule 329b of the Texas Rules of Civil Procedure or a notice of appeal under Rule 41 of the Texas Rules of Appellate Procedure so was not precluded from defending itself in Texas, even if the original notice failed to reach it. Certainly, RFI's statement that had it known about the Texas proceeding, it would have defended is weakened by its failure to take action when its counsel obtained the record of the proceeding within the time allotted to attack the judgment in Texas. Nevertheless, Thomas argues, RFI's failure to defend in Texas did not prevent it from attacking the domestication and docketing of the judgment in Virginia, yet still it failed to act and is precluded from doing so.

Thomas bases its argument on the case of *Washington v. Anderson*, 236 Va. 316, 373 S.E.2d 712 (1988). In that case, a Maryland default judgment was obtained against a Virginia resident, and a civil warrant was filed to domesticate the Maryland judgment in Virginia. The defendant did not respond or appear in that action, and judgment by default was entered based on the evidence of the Maryland judgment. When the defendant was later served with a summons to answer interrogatories concerning his assets, he filed a motion asserting that the judgment was void based on, among other things, improper service of process in the Maryland proceeding.

In its analysis, the *Washington* court distinguished *Bloodworth v. Ellis*, 221 Va. 18, 267 S.E.2d 96 (1980), which had held that a court may look into a foreign court's jurisdiction when asked to give effect to its judgment without offending the Full Faith and Credit Clause. The court said:

> *Bloodworth*, however, is not controlling. In *Bloodworth*, the attack on the foreign judgment had been mounted during the actual domestication proceeding and before any judgment had been entered in Virginia based on the foreign judgment. The present case differs in two respects: a default judgment had been entered in the domestication proceeding and the foreign judgment was attacked as void in a proceeding subsequent to the domestication of the foreign judgment.

*Washington, supra,* at 320.

Thomas argues that RFI's attempt to quash execution by attacking the judgment as void is likewise a proceeding subsequent to the domestication of a foreign judgment and is not permissible. The *Washington* court said that:

> [o]nce a valid default judgment has been entered in a Virginia court in a proceeding to domesticate a foreign judgment, general rules applicable to challenges permitted in the domestication proceeding no longer apply. By suffering a default, the defendant in the domestication proceeding has lost the opportunity to attack the foreign judgment upon which the Virginia proceeding was based.

*Id.*

RFI's position is that Thomas' use of the procedure under the Uniform Enforcement of Foreign Judgment Act to domesticate its judgment makes *Washington* inapplicable to the case at bar. The Act allows for domestication of a foreign judgment without the necessity for bringing a second action in Virginia. It may be accomplished by simply filing with the clerk of a Virginia circuit court an authenticated copy of the foreign judgment and providing the clerk with an affidavit setting forth the last known address of the judgment debtor and creditor. The clerk then must mail notice of the filing of the judgment to the debtor. Va. Code Ann. §§ 8.01–465.2 and 8.01–465.3 (Cum. Supp.). Code § 8.01–465.2 provides: "A judgment so filed has the same effect and is subject to the same procedures, de-

fenses and proceedings for reopening, vacating, or staying as a judgment of a circuit court of any city or county of this Commonwealth . . . ." RFI then had ample opportunity to defend just as it would have under a proceeding to domesticate before the passage of the Uniform Enforcement of Foreign Judgments Act. *See*, e.g., *Cogbill v. Boardwalk Regency Corp.*, 240 Va. 230, 396 S.E.2d 838 (1990) (debtor filed motion to vacate docketing of judgment for gambling debt from New Jersey under Uniform Enforcement of Foreign Judgments Act). RFI concedes it received the notice but argues its failure to respond does not foreclose it from attacking the judgment now because in *Washington* it was not the enforcement of the foreign judgment itself that was sought but the independent Virginia judgment entered on the basis of the foreign judgment, whereas here "enforcement of the Texas judgment itself is sought." This reasoning, however, ignores the language of the statute: "The clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court of any city or county of this Commonwealth. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a circuit court of any city or county of this Commonwealth and may be enforced or satisfied in a like manner." Va. Code Ann. § 8.01–465.2 (Cum. Supp. 1991). That eliminates the distinction between an "independent Virginia judgment" and "enforcement of the Texas judgment itself" by making the effect the same. *Washington*, then, controls this case, and RFI's motion to quash is denied.