## CIRCUIT COURT OF FAIRFAX COUNTY

Kari Lydia Jackson

v.

Chong Im Kim

November 6, 1996

Case No. (Law) 85602

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before me on October 18, 1996, for argument on whether defendant's motion to set aside a foreign judgment should be granted when more than twenty-one days have passed since it was docketed in Virginia. Defendant's motion is based on the contention that she was never served in the original case in Maryland in which default judgment was entered against her. She further claims that the notice of filing of foreign judgment sent to her by both the Clerk of the Fairfax County Circuit Court and by opposing counsel did not alert her to the immediacy of the action being taken against her in Virginia.

I find that the Maryland judgment docketed in Virginia on August 26, 1996, is valid pursuant to the statutory requirements of the Uniform Enforcement of Foreign Judgments Act, Va. Code § 8.01-465 et seq. ("UEFJA"). It will not be vacated irrespective of the fact that the notice of filing of foreign judgment did not contain notice of the twenty-one day limitation period under which the court retained jurisdiction to vacate the foreign judgment under Rule 1:1.

In Virginia, there are two ways a foreign judgment can be enforced. A judgment creditor may either file suit to domesticate a foreign judgment or, alternatively, proceed under the UEFJA. The UEFJA simplifies the domestication procedure by requiring only that an authenticated copy of the foreign judgment be filed in the Clerk's Office of the Circuit Court in Virginia where the judgment is to be enforced. Once docketed, the foreign judgment becomes a judgment of that court and is to be treated the same as any other Virginia judgment. Va. Code § 8.01-465.2.

When the plaintiff, Ms. Jackson, filed an authenticated copy of the Maryland judgment with the Clerk's Office of the Fairfax County Circuit Court on August 26, 1996, a Virginia judgment was created (Judgment No. 287478). Ms. Kim received notice of that filing by certified mail from both the Clerk and plaintiff's counsel as required by § 8.01-465.3 of the Code of Virginia. The trial court thereafter retained jurisdiction for twenty-one days following the creation of this judgment to vacate it or set it aside. The relevant portion of the UEFJA, § 8.01-465.3, does not require that the notice of filing of foreign judgment which was received by Ms. Kim contain information regarding this twenty-one day jurisdictional time limit.

*Washington v. Anderson*, 236 Va. 316 (1988), lends support to this reading of the statute. In *Washington*, the judgment creditor obtained a default judgment in Maryland and filed a suit to domesticate the judgment in Virginia (as opposed to filing an authenticated copy of the judgment with the Clerk's Office pursuant to UEFJA). The judgment debtor challenged the Virginia judgment more than twenty-one days after default judgment had been entered in the Virginia domestication suit, contending service of process on the defendant had been improper in the original Maryland proceeding. The Supreme Court of Virginia rejected the defendant's motion to set aside the Maryland judgment due to improper service because it held that the Virginia judgment had already become final. The court stated this end was necessary to preserve "certainty in the result of judicial proceedings in the Commonwealth" and that "[d]iligence and vigilance would cease to be the rule, and the high degree of finality we attach to judgments in this state would be impaired." *Id.* at 324.

Although *Washington* was not decided under UEFJA, it articulates Virginia's strong public policy toward finality of foreign judgments. Once a judgment is docketed as a final judgment (or domesticated) in Virginia, even an attack on invalid service in the foreign jurisdiction must be brought within twenty-one days. The UEFJA was enacted to simplify the domestication procedure. It was not meant to change the due process requirements or otherwise change the way foreign judgments are enforced in Virginia.