## CIRCUIT COURT OF FAIRFAX COUNTY

Leasecomm Corp.

v.

Product Group et al.

July 2, 1998

Case No. (Miscellaneous) 85602

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before me on May 29, 1998, for argument on whether defendant Michael Fernando's motion to set aside a foreign judgment should be granted when more than twenty-one days have passed since the judgment was docketed in Virginia. Defendant's motion is based on his contention that he was not served properly in the original case in Massachusetts, in which judgment was obtained against him. Mr. Fernando also contends that the Massachusetts court did not have personal jurisdiction over him. Mr. Fernando raises these issues in the context of a garnishment proceeding following domestication in Virginia of a Massachusetts judgment.

At the hearing, Mr. Fernando argued that he was not served properly with notice of the proceedings in Massachusetts. Mr. Fernando maintained that his usual place of abode at the time of service was not the address listed in the return of service. Mr. Fernando further contended that the Massachusetts court could not obtain personal jurisdiction over him through use of the Massachusetts long arm statute because he did not have any minimum contacts with the state. Mr. Fernando also argued that he did not consent to personal jurisdiction in Massachusetts, despite plaintiff's argument that Mr. Fernando's signature on the contract between plaintiff Leasecomm Corporation and defendant Product Group constituted consent.

Counsel for Leasecomm Corporation argued that this Court loses jurisdiction over this matter twenty-one days after the foreign judgment is docketed in this Court. Counsel for Leasecomm Corporation thus reasoned that

any argument regarding the validity of service of process in Massachusetts or the lack of personal jurisdiction in Massachusetts must have been made within twenty-one days after the judgment was docketed in Virginia.

I find that the Massachusetts judgment docketed in Virginia on September 4, 1996, is valid pursuant to the statutory requirements of the Uniform Enforcement of Foreign Judgments Act, Va. Code § 8.01-465 *et seq.* ("UEFJA").

In Virginia, there are two ways to enforce a foreign judgment. A judgment creditor either may file suit to domesticate a foreign judgment, or alternatively, proceed under the UEFJA. The UEFJA simplifies the domestication procedure by requiring only that an authenticated copy of the foreign judgment be filed in the Clerk's Office of the Circuit Court in Virginia where judgment is to be enforced. Once docketed, the foreign judgment becomes a judgment of that court and is treated the same as any other Virginia judgment. Va. Code § 8.01-465.2.

When the plaintiff, Leasecomm Corporation, filed an authenticated copy of the Massachusetts judgment with the Clerk's Office of the Fairfax Circuit Court on September 4, 1996, a Virginia judgment was created (Judgment No. 287719). Mr. Fernando received notice of that filing by certified mail from both the Clerk and plaintiff's counsel, as required by Va. Code § 8.01-465.3. The trial court thereafter retained jurisdiction for twenty-one days following the creation of this judgment to vacate it or set it aside. The holding in *Washington v. Anderson*, 236 Va. 316 (1988), supports this reading of the statute. In *Washington*, the judgment creditor obtained a default judgment in Maryland and filed suit to domesticate the judgment in Virginia. The judgment debtor challenged the Virginia judgment more than twenty-one days after default judgment was entered in the Virginia domestication suit. He contended that service of process on the defendant was improper in the original Maryland proceeding and that personal jurisdiction over him was not established under the Maryland long arm statute. The Supreme Court of Virginia rejected the defendant's motion to set aside the Maryland judgment because it held that the Virginia judgment already had become final. The time to challenge the Maryland judgment was in the domestication proceeding, not thereafter. *Id.* at 321. The Supreme Court stated this end was necessary to preserve "certainty in the result of judicial proceedings in the Commonwealth" and that "[d]iligence and vigilance would cease to be the rule and the high degree of finality we attach to judgments in this state would be impaired." *Id.* at 324.

Although *Washington* was not decided under the UEFJA, its holding emphasizes Virginia's strong public policy on the finality of foreign judgments. Once a judgment is docketed or domesticated as a final judgment

in Virginia, an attack on an invalid service in the foreign jurisdiction must be brought within twenty-one days. The UEFJA was enacted to simplify the domestication procedure and not to change due process requirements or otherwise alter the manner in which foreign judgments are enforced in Virginia.