32

**CIRCUIT COURT OF THE CITY OF RICHMOND**

Empire Beauty School

v.

Stella Bell,
a.k.a. Stella B. Johnson

Case No. (Garnishment) CV-000054-01

BY JUDGE RANDALL G. JOHNSON

August 9, 2001

At the hearing on July 26, the court [was asked] to determine whether a Pennsylvania judgment was properly domesticated in Virginia. When the request was made, counsel for the plaintiff-creditor was holding funds from a garnishment summons issued on the judgment. During a recess, counsel and the parties agreed that the funds being held represented social security benefits exempt from garnishment pursuant to 42 U.S.C. § 407, and they were delivered to Bell. Counsel for both parties asked the court to render a decision anyway since the judgment creditor would be seeking another garnishment summons. Although I questioned whether such an opinion would now be advisory, I said that I would give you one and took the matter under advisement.

After considering the matter further, I do not believe that it would be appropriate for the court to render a decision at this time. Virginia courts are not allowed to give advisory opinions in cases such as this. *See, e.g., Reisen v. Aetna Life & Cas. Co.*, 225 Va. 327, 331, 302 S.E.2d 529 (1983). At the present time, there is no garnishment proceeding pending before the court, there is also no motion to set aside the domesticated judgment, and there is no motion for a declaratory judgment under Va. Code § 8.01-184. Until there is an actual controversy pending in this court or a properly filed motion for declaratory judgment, any opinion rendered by the court would be advisory only.

Since there is nothing pending at this time, no order is entered.

August 28, 2001

This garnishment proceeding is before the court on Stella Bell's motion to set aside the Pennsylvania judgment which forms the basis of the garnishment. When I wrote my letter of August 9 stating that the issue was not properly before the court, I did not know that such a motion had been filed. A further check of the court's file after a telephone call from Mr. DeGaetani confirmed that it had been. While this court has no power to set aside a judgment obtained in a Pennsylvania court, it does have the power to set aside the docketing of that judgment in Virginia. The motion will be treated as seeking the latter.

On March 7, 2000, a default judgment in the amount of $2,540.34 was entered in favor of Empire Beauty School against Bell in District Court 21-3-07, County of Schuylkill, Pennsylvania. On December 14, 2000, the judgment was docketed in the clerk's office of this court pursuant to Va. Code § 8.01-465.2. On June 14, 2001, a garnishment summons was issued. Bell filed her motion to set aside on July 23, 2001.

Virginia Code § 8.01-465.2, which is part of the Uniform Enforcement of Foreign Judgments Act, provides as follows:

A copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this Commonwealth may be filed in the office of the clerk of any circuit court of any city or county of this Commonwealth upon payment of the fee prescribed in subdivision A 17 of § 17.1-275. The clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court of any city or county of this Commonwealth. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a circuit court of any city or county of this Commonwealth and may be enforced or satisfied in like manner.

Virginia Code § 8.01-428(A) provides:

Upon motion of the plaintiff or judgment debtor and after reasonable notice to the opposite party, his attorney of record or other agent, the court may set aside a judgment by default or a decree pro confesso upon the following grounds: (i) fraud on the court, (ii) a void judgment, (iii) on proof of an accord and satisfaction. Such motion on

the ground of fraud on the court shall be made within two years from the date of the judgment or decree.

It is Bell's position that the Pennsylvania judgment is void because she was not served in accordance with the applicable Pennsylvania Rules of Court. The court agrees.

Rule 308 of the Pennsylvania Rules of Court for District Justices, which was provided to this court at the hearing on defendant's motion, deals with service of process on individuals. With regard to mailing, which is the type of service involved here, the rule provides that service may be obtained:

> by mailing a copy to the defendant. The return receipt card for certified or registered mail shall be marked "Restricted Delivery," and the return receipt shall show the signature of the defendant or an agent of the defendant authorized in writing to receive his restricted delivery mail. If the signature on the return receipt is that of a person other than the defendant, it shall be presumed, unless the contrary is shown, that the signer was an agent of the defendant authorized in writing to receive his restricted delivery mail.

Contrary to the requirement of the rule, the return receipt card in this case was not marked "Restricted Delivery." Consequently, proper service in accordance with the rule was not obtained.

Empire concedes that service of process was improper under the rule. It argues, however, that any defect in service was waived when Bell failed to challenge the docketing of the Pennsylvania judgment in the clerk's office of this court within twenty-one days of such docketing. In support of its argument, Empire cites the case of *Washington v. Anderson*, 236 Va. 316, 373 S.E.2d 712 (1988). In that case, a judgment creditor obtained a judgment in Maryland and filed a civil action by warrant to domesticate the judgment in Virginia. Process was served on the judgment debtor by posting. The judgment debtor failed to appear on the return date of the warrant and the case was continued. The judgment debtor again failed to appear on the new return date and a default judgment was entered against him. Subsequently, the judgment debtor was served in person with a summons to answer interrogatories concerning his property and other assets. The judgment debtor then filed a motion to set aside the Virginia default judgment on the grounds that it was void because of improper service of the underlying action in Maryland and the domestication action in Virginia. In upholding the validity of the judgment, the Supreme Court said:

Once a valid default judgment has been entered in a Virginia court in a proceeding to domesticate a foreign judgment, general rules applicable to challenges permitted in the domestication proceeding no longer apply. By suffering a default, the defendant in the domestication proceeding has lost the opportunity to attack the foreign judgment upon which the Virginia proceeding was based. If the rule were otherwise, certainty in the result of judicial proceedings in the Commonwealth would be destroyed. Diligence and vigilance would cease to be the rule and the high degree of finality that we attach to judgments in this State would be impaired. *See Landcraft Co. v. Kincaid*, 220 Va. 865, 874, 263 S.E.2d 419, 425 (1980). *See also Sutherland v. Peoples Bank*, 111 Va. 515, 521, 69 S.E. 341, 343 (1910); *Preston v. Kindrick*, 94 Va. 760, 763, 27 S.E. 588, 589 (1897) (judgments sustained even though defendant may not have had notice of the existence of the action because sheriff's return is absolute verity).

Thus, it was incumbent upon the judgment debtor to challenge the Maryland judgment in the course of the domestication proceeding. Having failed to do so, the judgment debtor will not be heard now to complain that the Maryland court lacked jurisdiction. Therefore, the circuit court properly ruled that evidence relating to the foreign court's jurisdiction was irrelevant and inadmissible.

236 Va. at 320-21.

While the facts of *Washington* are quite similar to the facts of the case at bar, its holding simply does not apply. This is so because while *Washington* involved a formal proceeding to domesticate a foreign judgment, the judgment in the present case was docketed under the Uniform Enforcement of Foreign Judgments Act, which was enacted the same year *Washington* was decided. Docketing a foreign judgment under the Act is different from domesticating a foreign judgment in a formal domestication proceeding. In a formal domestication proceeding, the parties are subject to the same service of process and responsive pleadings rules as are applicable to all other civil actions. Under the Uniform Enforcement of Foreign Judgments Act, the clerk or judgment creditor simply mails notice of the judgment's docketing to the judgment debtor at whatever address is provided by the judgment creditor. *See* Va. Code § 8.01-465.3. The Act contains no separate provision for challenging the foreign judgment being domesticated, stating only that "[a] judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of

a circuit court of any city or county of this Commonwealth and may be enforced or satisfied in like manner." There is no time limit for asking a court to set aside a void judgment under § 8.01-428(A). While this court understands its responsibility to give full faith and credit to judgments of other states, it refuses to give foreign judgments a higher status than judgments obtained in Virginia. It would be doing so, however, if it were to hold that default judgments obtained after improper service of process in Virginia may be challenged at any time while default judgments obtained after improper service in any other state may only be challenged for 21 days. Neither *Washington* nor the Uniform Enforcement of Foreign Judgments Act supports such a result.

In making this ruling, the court is aware that at least one Virginia circuit judge has reached the opposite conclusion. In *Leasecomm Corp. v. Product Group*, 46 Va. Cir. 135 (Fairfax County, decided July 2, 1998), and *Jackson v. Kim*, 40 Va. Cir. 440 (Fairfax County 1996), Judge Wooldridge held that *Washington*'s holding applies to judgments docketed under the Uniform Enforcement of Foreign Judgments Act. Specifically, Judge Wooldridge said:

> Although *Washington* was not decided under the UEFJA, its holding emphasizes Virginia's strong public policy on the finality of foreign judgments. Once a judgment is docketed or domesticated as a final judgment in Virginia, an attack on invalid service in the foreign jurisdiction must be brought within twenty-one days. The UEFJA was enacted to simplify the domestication procedure, and not to change due process requirements or otherwise alter the manner in which foreign judgments are enforced in Virginia.

*Leasecomm Corp. v. Product Group.*

In spite of having the utmost respect for Judge Wooldridge, this court feels that foreign judgments docketed under the Uniform Enforcement of Foreign Judgments Act, and not domesticated in a formal domestication proceeding, are not subject to the holding of *Washington*. The docketing of the Pennsylvania judgment will be set aside.