# CIRCUIT COURT OF FAIRFAX COUNTY

Jose Gosp et al.

    v.

Joseph C. McAuliffe, Jr.

October 16, 2008

Case No. CL-2008-6665

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court on the Motion of Brian E. McAuliffe, Executor of the Estate of Joseph C. McAuliffe, Sr., to set aside a foreign judgment docketed against the defendant in this Court. It is argued that the Florida judgment is void as Joseph C. McAuliffe, Sr., was never served with process in the case, among other arguments. The Plaintiff responds that, as the Motion was filed more than twenty-one days after the judgment was docketed, the judgment is final and not subject to attack.

*Twenty-One Day Rule*

The default judgment in question was entered in Florida on December 13, 1999, against Joseph C. McAuliffe, Sr., as a result of the "failure to file pleadings in answer to the complaint." On or about March 21, 2007, that judgment was docketed pursuant to the Uniform Enforcement of Foreign Judgments Act ("UEFJA"), Virginia Code § 8.01-465.1 et seq. The Executor of the Estate of Joseph C. McAuliffe, Sr., filed his Motion to Set Aside Judgment on June 9, 2008.

The Plaintiffs assert that, as the Motion to Set Aside was filed more than twenty-one days after docketing, the Executor has lost the opportunity to attack the foreign judgment. The Plaintiffs rely upon two cases from the

Fairfax Circuit Court which support this position: *Leasecomm Corp. v. Product Group*, 46 Va. Cir. 135 (1998), and *Jackson v. Kim*, 40 Va. Cir. 440 (1996). In turn, these cases were based upon the holding in *Washington v. Anderson*, 236 Va. 316 (1988), which, in a similar situation to the case-at-bar, the Supreme Court of Virginia upheld the validity of the underlying judgment stating that, as more than twenty-one days had passed since the docketing of the foreign judgment, there was a valid default judgment in Virginia and, "[b]y suffering a default, the defendant in the domestication proceeding has lost the opportunity to attack the foreign judgment upon which the Virginia proceeding is based." *Id.*, 320

*Washington* was decided prior to the enactment of UEFJA and, as noted in the Richmond Circuit Court opinion in the case of *Empire Beauty School v. Bell*, 58 Va. Cir. 32 (2001), "invoked a formal proceeding to domesticate a foreign judgment," an action far different from docketing a foreign judgment under the UEFJA. Rather than being bound by all of the normal civil procedure rules in a formal proceeding, an action under the Act merely requires the clerk or judgment creditor to mail notice of the docketing of the foreign judgment to the judgment debtor. Virginia Code § 8.01-465.3. There is no separate provision or mechanism for challenging the foreign judgment being docketed. Instead, the Act provides:

> The clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court of any city or county of this Commonwealth. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a circuit court of any city or county of this Commonwealth and may be enforced or satisfied in the like manner.

Virginia Code § 8.01-465.2.

The provisions for challenging the Virginia judgment alleged to be void are found in Virginia Code § 8.01-428(A):

> Upon motion of the plaintiff or judgment debtor and after reasonable notice to the opposite party, his attorney of record, or other agent, the court may set aside a judgment by default or a decree pro confesso upon the following grounds: (i) fraud on the court, (ii) a void judgment, (iii) on proof of an accord and satisfaction. Such motion on the ground of fraud on the court shall be made within two years from the date of the judgment or decree.

Judge Wooldridge, author of both *Jackson* and *Leasecomm*, reexamined his prior rulings in light of the analysis of the Richmond Circuit Court.

> A party may ask a court to set aside a void judgment at any time according to Virginia Code § 8.01-428(A). Taking the language from § 8.01-465.2 and applying this principle, a party may attack as void a foreign judgment docketed pursuant to UEFJA at any time, otherwise a foreign judgment would bear greater protection than a judgment obtained and docketed by a citizen of the Commonwealth. As Judge Johnson stated succinctly, "[w]hile this court understands its responsibility to give full faith and credit to judgments of other states, it refuses to give foreign judgments a higher status than judgment obtained in Virginia." *Empire Beauty School* at [36]. Accordingly, this Court may always review a judgment attacked as void, whether it be a Virginia judgment or a foreign judgment docketed under UEFJA.

*Johnson v. Neimela*, 58 Va. Cir. 199 (2002).

The reasoning in both *Empire Beauty School* and *Johnson* is persuasive. Accordingly, the Executor is not barred from challenging the Florida judgment as void by the expiration of twenty-one days after the docketing.

### The Florida Judgment

The Executor asserts that the Florida judgment is void as that court did not have personal jurisdiction over his decedent.

The evidence establishes that service of process was effected on June 3, 1997, upon Joseph C. McAuliffe, Sr., and Shirley McAuliffe by substitute service upon Timothy J. McAuliffe (son) at their "usual place of abode," 3640 Whitehall Drive, apartment 306, West Palm Beach, Florida 33401. The sheriff's return noted that "papers were dropped at the feet of Timothy J. McAuliffe upon refusing to be served."

The testimony of Timothy J. McAuliffe admitted his refusal to be served; however, he stated that the address was his home, not that of his parents. In addition, he noted the condominium was owned by his wife's parents and that his father only had visited at that location on two occasions, neither of which was in June of 1997. Although he conceded that the Florida

Department of State Division of Corporation reflects his address for his father as officer, director, and Registered Agent of McAuliffe Properties, Inc., he stated that he could not recall any mail for his father being delivered there. Both he and Brian McAuliffe stated that their parents resided at 10836 Oakcrest Court, Fairfax, Virginia 22030, at all times relevant to this action, and copies of the Deed, pre-printed checks, a voter registration card, and a letter to the Florida court were submitted in support of their testimony.

> Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.

Florida Statute § 48.031(1)(a) (1997)

While the Plaintiff offers Florida Statute § 48.07 (1999) authorizing service on "the person who is in charge of any business in which the defendant is engaged within this state at the time of service," there is no evidence that Timothy McAuliffe was a "person in charge of any business." The case of *Boatfloat, L.L.C. v. Central Transport International, Inc.*, 941 So. 2d 1271 (Fla. 2006), merely supports the Sheriff's decision to leave the process at the feet of Timothy McAuliffe if it was at Joseph and Shirley McAuliffe's usual place of abode.

Upon the testimony, exhibits, and legal authority presented, I find that the attempted service upon Timothy McAuliffe was ineffective as to Joseph C. McAuliffe, Sr., and Shirley McAuliffe.

## Conclusion

This court retains jurisdiction to set aside the Virginia judgment docketed pursuant to the UEFJA and, having found that there was no proper service under Florida law, the docketing of the Florida judgment will be set aside.